The PEOPLE of the State Of Colorado, Plaintiff–Appellee,

v.

Juanita Victoria MEDINA, Defendant–Appellant.

No. 03CA2282.

Colorado Court of Appeals, Div. IV.

Sept. 22, 2005.

As Modified on Denial of Rehearing Feb. 23, 2006.

Certiorari Granted Aug. 14, 2006.

John W. Suthers, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Juanita Victoria Medina, appeals the sentence imposed for the offense of accessory to a crime. We affirm.

## I. Background

Defendant and her boyfriend, Derek Martinez, were driving in Brighton when they confronted two men. Martinez got out of the car to fight and was quickly beaten. As the men walked away, Martinez produced a gun, fatally shot one of the men in the head, and returned to defendant's car. Defendant sped off. The police theorized that defendant drove Martinez to Fort Lupton, left him near a friend's house, and then drove to Denver, where she abandoned the car.

Defendant was charged with the offense of accessory to a crime, in violation of § 18–8–105, C.R.S.2005. This offense is a class four felony if "the offender knows that the person being assisted has committed" a crime that is a class one or two felony. Section 18–8–105(3), C.R.S.2005. The information charged defendant with a class four felony and alleged that she unlawfully assisted a person who had committed first or second degree murder.

At trial, the court instructed the jury on the elements of accessory to a crime. However, the court misdescribed one element. Instead of requiring the jury to determine whether defendant knew that Martinez *had committed* first or second degree murder, the instruction required the jury to determine whether defendant knew that Martinez *was suspected of and wanted for* first or second degree murder. As given by the court, the instruction described the elements of accessory to murder as a class five felony. *See* § 18–8–105(4), C.R.S.2005. No one objected to the instruction, and there is no indication that the prosecution had elected to seek conviction of a class five felony.

The jury returned a guilty verdict. Defendant was later sentenced to six years in prison.

## II. Discussion

Defendant contends that the court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it imposed sentence for a class four felony because the jury's verdict was based on an instruction that described a class five felony.

We agree that the sentence violates *Apprendi*, but we conclude that defendant is not entitled to be resentenced.

■ A jury instruction is erroneous if it misdescribes or omits an element of the offense. "In both cases—misdescriptions and omissions—the erroneous instruction precludes the jury from making a finding on the *actual* element of the offense." *Neder v. United States*, 527 U.S. 1, 10, 119 S.Ct. 1827, 1834, 144 L.Ed.2d 35 (1999).

A misdescribed or omitted element may give rise to different arguments on appeal. The defendant may seek a new trial, arguing that the error undermined the validity of the conviction. *See, e.g., Neder v. United States, supra; Griego v. People*, 19 P.3d 1 (Colo. 2001). The defendant may seek resentencing, arguing that the error led the court to impose sentence in violation of *Apprendi. See, e.g., State v. McDonald*, 136 N.M. 417, 99 P.3d 667 (2004). Or the defendant may assert both arguments at once. *See, e.g., State v. Daniels*, 278 Kan. 53, 91 P.3d 1147 (2004).

Although different as to the remedy sought, these arguments rest on the same underlying assertion—that the defendant was deprived of the constitutional right to have a jury determine the facts necessary to support the sentence. *See United States v. Swatzie*, 228 F.3d 1278, 1283 (11th Cir.2000) ("[t]he error in *Neder* is in material respects indistinguishable from error under *Apprendi*"); *State v. McDonald, supra*, 99 P.3d at 669 ("*Apprendi*-type error is similar to the error at issue in *Neder*").

■ Because the arguments rest on the same constitutional underpinnings, they are subject to the same standards of review. If preserved by an objection, *Apprendi* errors trigger the same harmless error review that applies when defendants seek to have convictions overturned for misdescribed or omitted elements. *See United States v. Candelario*, 240 F.3d 1300, 1307 (11th Cir.2001); *State v. Gordon*, 262 Wis.2d 380, 663 N.W.2d 765, 776–77 (2003) (collecting cases). If not preserved, *Apprendi* errors are analyzed under plain error standards. *See United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Guevara*, 298 F.3d 124, 126–27 (2d Cir.2002).

■ Here, defendant's argument was not preserved and must be analyzed under plain error standards. We must determine whether the error was obvious and substantial, and whether it so undermined the fundamental fairness of the proceedings as to cast serious doubt on the reliability of the result. *People v. Miller*, 113 P.3d 743 (Colo.2005). In conducting this review, we examine the weight of the evidence bearing on the misdescribed element. If the evidence was overwhelming or uncontroverted, there is no basis for concluding that the error undermined the validity of the sentence. *People v. Miller, supra*, 113 P.3d at 751; *see also United States v. Cotton, supra*, 535 U.S. at 633, 122 S.Ct. at 1786; *United States v. Guevara, supra*, 298 F.3d at 126–27.

■ At trial, the parties agreed that the sole issue was whether defendant had acted with intent to hinder, delay, or prevent Martinez's apprehension. There was no dispute that defendant knew Martinez "had committed" first or second degree murder. Defendant testified that she saw Martinez approach the men with a gun in his hand, saw "his arm go like this a couple of times," and heard a pop. Defendant said that, from the appearance of the victim's head and the blood, she thought the victim had been killed.

Under the circumstances, we find no plain error. *See People v. Miller, supra*, 113 P.3d at 751; *see also State v. Daniels, supra*, 91 P.3d at 1157 (although the jury instruction described a lower class of felony, resentencing is not required where evidence of the omitted element was uncontroverted); *State v. McDonald, supra*, 99 P.3d at 670 (failure to instruct the jury violated *Apprendi* but did not warrant resentencing where evidence was uncontested).

The sentence is affirmed.

Judge CASEBOLT and Judge LOEB concur.