**Juanita Victoria MEDINA, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

No. 06SC188.

Supreme Court of Colorado, En Banc.

July 2, 2007.

As Modified on Denial of Rehearing Aug. 13, 2007.*

* Justice Eid does not participate.

Douglas K. Wilson, Colorado State Public Defender Karen N. Taylor, Deputy State Public Defender Denver, CO, Attorneys for Petitioner.

John W. Suthers, Attorney General, Cheryl Hone Canaday, Assistant Attorney General Appellate Division, Criminal Justice Section Denver, CO, Attorneys for Respondent.

Justice BENDER delivered the Opinion of the Court.

### Introduction

A jury found Defendant Juanita Victoria Medina guilty of class 5 felony accessory following the trial court's instruction and both parties' argument at trial with regard to the elements of the class 5 felony accessory charge. Nonetheless, at sentencing, the trial court stated that Medina had been convicted of class 4 felony accessory, a greater offense, and sentenced her to the maximum possible sentence for this offense. Medina appealed her sentence to the court of appeals, arguing that her conviction must be vacated and the case remanded for resentencing because the jury actually convicted her of a less serious offense than that to which she was sentenced.

The court of appeals upheld Medina's sentence despite recognizing that the trial court erred, reviewing the trial court's sentencing error under plain error analysis. In *People v. Medina,* 140 P.3d 64, 65–66 (Colo.App. 2005),[1] the court of appeals concluded that the trial court erred by instructing the jury to consider the elements of class 5 felony accessory instead of class 4 felony accessory. Although subtle, the difference between the elements of these two offenses is significant because of the greater penalties provided for the class 4 accessory crime. § 18–1.3–401(1)(a)(V)(A), C.R.S. (2006).[2] The statutory elements of the class 5 offense of accessory require that the defendant know that the person whom she assisted was *suspected of* committing a serious felony. § 18–8–105(4), C.R.S. (2006). In contrast, the elements of the more serious class 4 offense of accessory require that the defendant know that the person whom she assisted had in fact *committed* a serious felony. § 18–8–105(3). Thus in this case, to be convicted of the class 4 felony accessory crime, Medina had to know that Martinez committed first degree murder or second degree murder. To be convicted for the less serious crime of class 5 accessory, Medina only had to know that Martinez was suspected of committing first degree or second degree murder.

The court of appeals determined that the jury instruction contained a misdescription of an element of the class 4 accessory charge under *Neder v. United States,* 527 U.S. 1, 119

1. The court of appeals initially rendered an unpublished opinion, *People v. Medina,* 03CA2282 (Colo.App. Sept. 22, 2005). The court later modified the opinion, denied Medina's petition for rehearing, and published the opinion.

2. Class 4 felonies carry a minimum sentence of two years imprisonment and a maximum of six years imprisonment. *Id.* On the other hand, class 5 felonies carry a minimum sentence of one year imprisonment and a maximum sentence of three years imprisonment. *Id.*

S.Ct. 1827, 144 L.Ed.2d 35 (1999), and *Griego v. People*, 19 P.3d 1 (Colo.2001). *Medina*, 140 P.3d at 66. The court also held that Medina's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the court sentenced her for a class 4 felony when the jury had only convicted her of a class 5 felony. *Id.* at 65–66.

Because Medina did not object to the jury instruction at trial, the court of appeals applied the plain error standard of review to address both of these errors. *Id.* at 66. Concluding that the error did not undermine the validity of the sentence, the court affirmed Medina's sentence. *Id.* We granted certiorari to determine whether the plain error standard of review applies where, as here, the jury instruction described the elements of a less serious offense than the offense that the defendant was sentenced under.

Medina argues that plain error analysis should not apply when a sentencing court enters a conviction different from that provided for by a jury's finding of guilt based upon a jury instruction that correctly and completely describes all the elements of a less serious offense rather than misdescribing or omitting an element of an offense. We agree.

Sentencing courts do not have discretion to reconsider a defendant's guilt following a jury verdict. A court violates a defendant's due process and Sixth Amendment rights to a trial by jury when it sentences a defendant on a crime different from that on which a jury's guilty verdict is based. Such rulings constitute structural error in sentencing and require that the sentence be vacated. Because this error does not affect the trial process, however, the jury's conviction of guilt may stand.

Here, the trial court committed structural error in sentencing when it sentenced Medina for a class 4 felony because the jury had convicted her of a class 5 felony. Because this error was confined to Medina's sentencing and did not affect her trial, the jury's conviction of guilt for the class 5 felony need not be disturbed. For this reason, we affirm Medina's conviction for the class 5 felony, vacate Medina's sentence for the class 4 felony, and remand this case to the court of appeals to be returned to the trial court for resentencing on the class 5 felony conviction.

## Facts and Procedural History

The prosecution charged Medina by information as an accessory to the murder of Matthew Salazar. This charge arose from allegations that Medina "provided assistance" to her boyfriend Derek Martinez's crime by driving him from the crime scene where he had been engaged in a fight with two men that ended with Martinez shooting and killing Salazar.

Although the information listed Medina's charge as a class 4 felony under section 18–8–105, C.R.S. (2002), the information did not include a necessary element required for a conviction of class 4 accessory—that the defendant knew that the person she was assisting had committed a class 1 or class 2 felony.[3] The information alleged only that Medina had knowingly, unlawfully, and feloniously helped her boyfriend, Derek Martinez, avoid detection and apprehension for the commission of first degree murder and second degree murder:

> THE DEFENDANT, with intent to hinder, delay and prevent the discovery, detection, prosecution, conviction, punishment, and apprehension of Derek Lee Martinez for the commission of First Degree Murder and Second Degree Murder as defined by C.R.S. § 18–3–102 and § 18–3–103, did knowingly, feloniously and unlawfully render assistance to Derek Lee

---

**3.** Section 18–8–105(3) states that:

Being an accessory to crime is a class 4 felony if the offender *knows* that the person being assisted *has committed,* or has been convicted of, or is charged by pending information, indictment, or complaint with a crime, and if that crime is designated by this code as a class 1 or class 2 felony.

(Emphasis added.)
Section 18–8–105(4) states:

Being an accessory to crime is a class 5 felony if the offender *knows* that the person being assisted is *suspected of or wanted for* a crime, and if that crime is designated by this code as a class 1 or class 2 felony.

(Emphasis added.)

Martinez by harboring and concealing him and providing him with money, transportation, weapon and disguise and other thing to be used in avoiding discovery and apprehension.

Hence, it was unclear from the information itself whether Medina was charged with a class 4 felony or class 5 felony.

The prosecution cleared up this discrepancy on the first day of trial when it proffered a jury instruction for class 5 felony accessory. This instruction stated that Medina was guilty as an accessory if she assisted Martinez knowing that he was suspected of and wanted for a crime:

(1) That the defendant (2) in the State of Colorado, at or about the date and place charged, (3) knowingly, (4) rendered assistance to Derek Lee Martinez, who was *suspected of and wanted for a crime*, (5) with intent to hinder, delay, and prevent the discovery, detection, apprehension, prosecution, conviction, and punishment of Derek Lee Martinez, (6) and the crime that Derek Lee Martinez was suspected of and was wanted for was First Degree Murder and Second Degree Murder.

(Emphasis added.) This was the instruction that the court ultimately gave the jury. The court never instructed the jury on the elements of a class 4 felony accessory charge, and neither party objected. This instruction appears consistent with the parties' presentations and theories of their cases.

Both parties proceeded throughout the trial as if Medina was being tried on the class 5 felony accessory charge. There was no factual issue as to whether Martinez killed Salazar. However, the parties did not present evidence and did not argue to the jury the question of whether Medina knew that Martinez had actually committed the crime of first degree murder or second degree murder. Instead, the prosecution's theory of the case as stated in its closing argument was that "[t]here's no dispute ... that [Medina] knowingly rendered assistance to him, an individual who was *suspected of and wanted for a crime.*" (Emphasis added.) And the theory of the defense as stated in closing was that Medina did not drive Martinez from the crime scene with the intent to prevent Martinez's arrest, but instead drove away out of fear for her safety.

Neither party objected when the jury returned a guilty verdict for the class 5 felony accessory charge. The sentencing judge, who did not preside at the trial, sentenced Medina to a class 4 felony although the jury's verdict authorized only a class 5 felony sentence. The court made no comment on this discrepancy, stating only that the case was before it "on the Defendant's conviction of being an accessory to a crime which was murder, a Class 1 and Class 2 felony; and her offense is classified as a Class 4 felony." The court then sentenced Medina to the maximum sentence for class 4 felony accessory, six years in the Department of Corrections with an additional mandatory three years of parole. Medina did not object to the sentence at that time.

Medina later appealed her sentence, arguing that her conviction must be vacated and the case remanded for resentencing since the jury actually convicted her of a class 5 felony, a less serious offense than that on which she was sentenced. The court of appeals affirmed her conviction. In reaching its decision, the court stated that "[t]he information charged defendant with a class four felony and alleged that she unlawfully assisted a person who 'had committed' first or second degree murder." *Medina*, 140 P.3d at 65. The court of appeals then concluded that the court's instruction on the accessory charge, requiring the jury to determine whether Medina knew that Martinez *was suspected of and wanted for* first or second degree murder (the class 5 offense), instead of requiring the jury to determine whether Medina knew that Martinez *had committed* first or second degree murder (the class 4 offense), amounted to a misdescription of an element of the class 4 offense. *Id.*

The court concluded that the jury instruction was erroneous because it misdescribed an element of the offense as explained in *Neder*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35, and *Griego*, 19 P.3d 1, such that the court imposed a sentence in violation of *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. *Id.* at 65–66. The court reasoned that this error was subject to plain

error review because Medina did not object at trial. *Id.* at 66. The court then concluded that the error was not plain because "[t]here was no dispute that defendant knew Martinez had committed first or second degree murder." *Id.* Hence, the court of appeals concluded that the instructional error did not undermine the validity of Medina's sentence. *Id.*

We granted Medina's petition for certiorari to determine whether plain error analysis applies where the trial court sentences the defendant to a greater offense than the offense described in the jury instruction and jury verdict.[4]

### I.

This case implicates two important constitutional protections: a defendant's Fifth Amendment due process right to proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged, and a defendant's Sixth Amendment right to a trial by jury. Taken together, these amendments require a jury verdict finding a defendant guilty of every element beyond a reasonable doubt. *Sullivan v. Louisiana,* 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (noting that the most important element of the Sixth Amendment trial right is to have a jury, not a judge, reach the requisite finding of guilt); *Apprendi,* 530 U.S. at 477, 120 S.Ct. 2348; *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

■ These protections prohibit courts from entering a conviction for an offense other than that authorized by a jury's guilty verdict. *See Apprendi,* 530 U.S. at 482–83,

120 S.Ct. 2348. No matter how overwhelming the evidence, a sentencing court may not direct a verdict for the State. *Sullivan,* 508 U.S. at 277, 113 S.Ct. 2078. Instead, the sentencing court's task is to determine the type and extent of punishment warranted by the jury's verdict after the jury has found the defendant guilty of an offense. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Thus, we conclude that the trial court violated Medina's Fifth and Sixth Amendment rights when it entered its own conviction and sentence for a class 4 felony instead of determining the punishment warranted by the jury's guilty verdict for the class 5 felony.

■ We find unconvincing the court of appeals' conclusions that Medina was charged with a class 4 felony and that the trial court's jury instruction merely misdescribed an element of the class 4 felony charge, requiring a plain error analysis under *Neder* and *Griego.* Even though the information stated that the prosecution was charging a class 4 felony, the information's description of the charge failed to include the necessary element that Medina knew that Martinez had committed the crime, making it unclear whether the prosecution was charging Medina with the class 4 or class 5 felony.[5] *See* Colo. R.Crim. P. 7(b)(2)(IV); *Williams,* 984 P.2d at 60 (stating that an information is substantively defective if it fails to charge an essential element of an offense). The prosecution cleared up this discrepancy on the first day of trial when it indicated that it was charging Medina with a class 5 felony by proffering the jury instructions for the class 5 felony. The prosecution then tried its case accordingly. In closing, the prosecution specifically argued that there was no dispute "that [Medina] knowingly rendered assistance to him, an individual who was *suspected of and wanted for a crime.*" (Emphasis

---

4. We granted certiorari on the issue: "Whether the standard of review in *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and *Griego v. People,* 19 P.3d 1 (Colo. 2001) applies when, rather than omitting an element of an offense, a jury instruction describes all the elements of a less serious offense and the defendant seeks the sentence required by the jury's verdict on that lesser offense."

5. Notably, this ambiguity did not prejudice Medina because the prosecution proffered a jury instruction at the start of trial that included an instruction on the lesser class 5 felony accessory charge. The jury instructions provided Medina with adequate notice of the offense that the prosecution sought to prove—the class 5 felony. *See People v. Williams,* 984 P.2d 56, 59 (Colo.1999).

added.) Medina's theory of defense also appears to be consistent with the elements of class 5 accessory. Hence, we conclude that the jury instructions were appropriate and that the plain error standard of review described in *Neder* and *Griego* for misdescribed or omitted elements in jury instructions does not apply.

Having concluded that the *Neder* and *Griego* standard of review does not apply to the trial court's constitutional violation of Medina's Fifth and Sixth Amendment rights, we must now determine the appropriate remedy for this constitutional error.

## II.

■ Not all federal constitutional errors require reversal. *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The Supreme Court has distinguished between two types of constitutional error that occur at both trial and sentencing: "trial errors," which are subject to constitutional harmless error analysis, and "structural defects," which require automatic reversal. *United States v. Stevens*, 223 F.3d 239, 244 (3d Cir.2000) *(citing Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). While most constitutional errors have been held amenable to harmless error analysis, some constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error. *Sullivan*, 508 U.S. at 279–81, 113 S.Ct. 2078 (erroneous reasonable doubt instruction); *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (impartial judge).

To determine which standard applies, we must consider the effect the error had on the guilty verdict in the case. *Sullivan*, 508 U.S. at 279, 113 S.Ct. 2078. Here, there was no jury verdict on the charge on which the trial court sentenced Medina. Hence, structural error analysis applies. *Id.* at 280, 113 S.Ct. 2078 ("There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the same verdict ... would have been rendered absent the constitutional error is utterly meaningless."). The court's entry of a conviction different from that authorized by the jury verdict is an error that infected each and every aspect of Medina's sentence. Instead of receiving an impartial jury verdict convicting her of all elements beyond a reasonable doubt, the trial court essentially judged Medina guilty of a new and different crime. *See id.* at 281, 113 S.Ct. 2078. Hence, the trial court's entry of a verdict different from that entered by the jury qualifies as structural error in sentencing.[6] This structural error, however, is confined to the

---

6. This case is factually and legally distinguishable from *Washington v. Recuenco*, —— U.S. ——, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), in which the United States Supreme Court held that plain error review applies to a trial court's erroneous failure to submit a sentencing factor to the jury. In so holding, the *Recuenco* Court held that *Neder*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35, controls because omitting an element of a felony offense from a jury instruction, as was the case in *Neder*, has the same legal effect under *Apprendi* as omitting a sentencing factor, as was the case in *Recuenco*. Id. at 2552, 165 L.Ed.2d 466.

Justice Ginsburg, in dissent, disagreed with the majority's reliance on *Neder*, instead characterizing the trial court's error as sentencing the defendant for a crime different and greater than the crime for which he was charged and tried. Id. at 2557, 165 L.Ed.2d 466 (Ginsburg, J., dissenting). Justice Ginsburg concluded that the remedy for such an error is automatic reversal under

the structural error doctrine. See id. (stating that she would affirm the judgment of the Supreme Court of Washington, which applied the structural error doctrine to vacate Recuenco's enhanced sentence).

We find the reasoning in Justice Ginsburg's dissent persuasive in this case because unlike the trial court's error in *Recuenco*, which is properly described as an error in instructing the jury, the trial court in this case sentenced Medina for an entirely different crime (class 4 felony accessory) than the crime that the jury found she had committed (class 5 felony accessory). The jury returned a complete verdict of guilty beyond a reasonable doubt for a class 5 felony but the trial court sentenced her for a class 4 felony. This error cannot be characterized as a mere instructional error by way of omitting an element of the offense or a sentencing factor. This error is more fundamental and egregious than the trial court's erroneous omission of a sentencing factor in *Recuenco*. Hence, structural error analysis is warranted on these facts.

sentencing proceedings and does not affect the jury's guilty verdict.

Thus, we affirm Medina's conviction, vacate her sentence, and remand her case to the court of appeals to return the case to the trial court for resentencing on the jury's class 5 felony accessory conviction. *See United States v. Salemo*, 61 F.3d 214, 221–22 (3d Cir.1995) (remanding for resentencing due to structural error at sentencing based on no valid waiver of counsel).

### Conclusion

Here, the trial court committed structural error in sentencing when it sentenced Medina for class 4 felony accessory because the jury had convicted her of class 5 felony accessory. Because this error was confined to

Medina's sentencing and does not affect the jury's guilty verdict, the jury's conviction of guilt for the class 5 felony remains undisturbed. Hence, we affirm Medina's conviction for the class 5 felony, vacate Medina's sentence for the class 4 felony, and remand this case to the court of appeals to be returned to the trial court for resentencing on the class 5 felony conviction.

Justice EID does not participate.