1
 24 CO 61 Jamie Edward Bock, Petitioner v. The People of the State of Colorado. Respondent No. 23SC97
Supreme Court of Colorado, En Banc
September 9, 2024

 Certiorari to the Colorado Court of Appeals Court of Appeals
Case No. 19CA2184

 Attorneys for Petitioner: Megan A. Ring, Public Defender
Chelsea E. Mowrer, Deputy Public Defender Denver, Colorado

 Attorneys for Respondent: Philip J. Weiser, Attorney General
Patrick A. Withers, Senior Assistant Attorney General Denver,
 Colorado

 CHIEF
 JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE
 GABRIEL, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER joined.

 OPINION

 HART
 JUSTICE

 ¶1
Jamie Edward Bock was charged with nine counts of theft for
 conduct that occurred between November 2014 and November
 2016, under a provision of the theft statute that punishes
 single acts of theft. Although proof of aggregation is only
 required under a different portion of the theft statute, the
 trial court instructed the jury that Bock could not be
 convicted of four of those counts unless the prosecution
 proved that multiple acts of theft had been committed within
 six months of each other.

 ¶2
 Bock argues that this jury instruction resulted in an
 impermissible, constructive amendment of his charge. He
 further argues that the constructive amendment constituted a
 structural error requiring reversal. We agree on the first
 point; the erroneous jury instruction was a constructive
 amendment of the charge. However, we disagree that the
 constructive amendment was a structural error requiring
 automatic reversal. Instead, we review the constructive
 amendment for plain error.

 ¶3
We conclude that Bock did not satisfy his burden for reversal
 because he received sufficient notice of the amendment to
 mount a defense, and the People's burden of proof was not
 materially lessened so as to categorically prejudice Bock.
Accordingly, we affirm the court of appeals' decision and
 uphold Bock's convictions.

 I.
Facts and Procedural History

 ¶4
 Several homeowners hired Bock to do substantial construction
 work, and each gave him an initial payment for the work. For
 some of the projects, Bock bought the building materials and
 started the work. On others, he did not do any work. On four
 projects, Bock requested and received additional funds from
 the homeowners. He did not complete any project or refund any
 money.

 ¶5
The People charged Bock with nine counts of theft in five
 cases that were joined into a single trial. The original
 charging documents only alleged that Bock had violated
 section 18-4-401(1)(a), C.R.S. (2023), the provision of the
 theft statute punishing exclusively single acts of theft. The
 People never expressly indicated that they were proceeding
 under section 18-4-401(4)(a)-(b), which permits aggregation
 of thefts for punishment.

 ¶6
 Before trial, Bock asked the People for a bill of particulars
 including "the specific value alleged to have been
 stolen for each charge, the specific dates for each charge,
 and the specific subsection of the theft statute that he is
 being prosecuted under for each charge." The People
 submitted (and later amended) a bill of particulars that
 included:

• trial count 1 (count 1 in case number 16CR1477),
 involving six alleged thefts stemming from six checks dated
 between November 2014 and April 2015;

 • trial count 2 (count 2 in case number 16CR1477),
 involving five alleged thefts stemming from five checks dated
 between July 2015 and September 2015;

• trial count 5 (count 1 in case number 17CR1777),
 involving two alleged thefts stemming from two checks dated
 in December 2016;

• trial count 6 (count 2 in case number 17CR1777),
 involving four alleged thefts stemming from four checks dated
 between July 2016 and November 2016;

 ¶7
The bill of particulars further indicated that each of the
 remaining counts for trial involved only a single instance of
 alleged theft for each party from whom Bock had taken
 money.[1]

 ¶8
The case proceeded to trial. After the parties completed
 their presentation of the evidence, the trial court read the
 jury instructions. Notably, the court instructed the jury on
 the elements of trial count 1, as follows:

1. That the defendant,

2. in the State of Colorado, between and including November
 23, 2014 and December 10, 2015,

3. knowingly,

4. obtained, retained, or exercised control over anything of
 value of another,

 5. without authorization or by threat or deception,

6. intended to deprive the other person permanently of the
 use or benefit of the thing of value, and

7. committed within a period of six months those thefts
 charged in the same count.

 (Emphasis
 added.) The court's instructions on the elements of trial
 counts 2, 5, and 6 were substantially similar, only changing
 the names of the alleged victims and the dates the offenses
 were allegedly committed. Bock's counsel did not object
 to the jury instructions or their inclusion of the
 aggregation language requiring the thefts to be committed
 within six months of each other.

 ¶9
 The jury convicted Bock of all nine counts, and the trial
 court sentenced him to a total of twenty years in the
 Department of Corrections.

 ¶10
 Bock appealed, arguing, among other things, that the trial
 court had reversibly erred by providing jury instructions
 that constructively amended the charges against him. While
 the division concluded that the difference between the
 charges and the jury instructions amounted to a constructive
 amendment, it ultimately held that reversal was not required.
People v. Bock, No. 19CA2184, ¶ 10 (Dec. 8,
 2022).

 ¶11
 The majority concluded that Bock's constructive amendment
 claims were subject to plain error review; meaning that
 reversal was required only if the trial court's error in
 allowing the constructive amendment was both obvious and
 "so

 undermined the fundamental fairness of the trial as to cast
 serious doubt on the reliability of the judgment of
 conviction." Id. at ¶ 12 (citing Hagos
 v. People, 2012 CO 63, ¶ 14, 288 P.3d 116, 120). It
 reasoned that "regardless of Bock's understanding of
 the original complaint, the bill of particulars placed him on
 notice that he would have to mount a defense" to the
 aggregated theft charge. Id. at ¶ 27.
Furthermore, the majority held that because the plain
 language of the statute "requires the prosecution to
 prove all of the thefts aggregated into a single
 count," the constructive amendments actually
 "elevated the People's burden of proof instead of
 lessening it." Id. at ¶ 30.

 ¶12
 Writing separately, Judge Schutz agreed that plain error was
 the appropriate standard of reversal but disagreed with the
 outcome of the majority's plain error analysis.
Id. at ¶ 83 (Schutz, J., concurring in part and
 dissenting in part). He concluded instead that the
 constructive amendments had undermined the fundamental
 fairness of Bock's trial on those counts. Id. at
 ¶ 113. In Judge Schutz's view, "defense
 theories are not developed in a vacuum," and thus,
 neither he nor the majority could know "how this case
 would have proceeded had Bock actually been apprised of the
 aggregation theory he was facing." Id. at
 ¶ 121.

 ¶13
 Bock petitioned this court for certiorari review, which we
 granted.[2]

 II.
Analysis

 ¶14
 A constructive amendment occurs when a jury instruction
 "changes an essential element of the charged offense and
 thereby alters the substance of the charging
 instrument." People v. Rediger, 2018 CO 32,
 ¶ 48, 416 P.3d 893, 903 (quoting People v.
 Rodriguez, 914 P.2d 230, 257 (Colo. 1996)). We agree
 with both parties and the court of appeals that the jury
 instructions constructively amended the charges against Bock.
However, we disagree that a constructive amendment is a
 structural error. We thus review the constructive amendment
 for plain error, and we hold that Bock has not proved
 reversible plain error.

 ¶15
 A person commits theft under subsection (1)(a) when he

knowingly obtains, retains, or exercises control over
 anything of value of another without authorization or by
 threat or deception; receives, loans money by pawn or pledge
 on, or disposes of anything of value or belonging to another
 that he . . . knows or believes to have been stolen, and . .
 .[i]ntends to deprive the other person permanently of the use
 or benefit of the thing of value ....

 §
 18-4-401(1)(a). Several discrete acts of theft may be charged
 as a single offense, but only if they occurred "pursuant
 to one scheme or course of conduct." §
 18-4-401(4)(b).

 ¶16
The People charged Bock under section 18-4-401(1)(a) with
 four counts of aggregated theft, representing multiple
 takings against the same victim under a single criminal
 episode. The jury instructions, however, pointed to section
 18-4-401(4)(a)-(b), including all the takings from all the
 victims within a six-month period. Unlike the original
 charges, the jury instructions were not based on individual
 thefts, nor did they include an aggregation with a
 single-criminal-episode element. Thus, the instructions
 altered the substance of the charge and amounted to a
 constructive amendment. But, was this constructive amendment
 a structural error?[3]

 ¶17
We have repeatedly emphasized that structural errors are a
 "limited class of fundamental constitutional
 error." People v. Novotny, 2014 CO 18, ¶
 20, 320 P.3d 1194, 1201; see also People v.
 Crabtree, 2024 CO 40M, ¶ 26, 550 P.3d 656, 664
(discussing the limited class of errors). Structural errors
 "require automatic reversal without individualized
 analysis of how the error impairs the reliability of the
 judgment of conviction." Hagos, ¶ 10, 288
 P.3d at 119. The reason for limiting the class of structural
 errors parallels the reasons for foregoing individualized
 analysis of the harm. An error is structural only if (1) its
 impact is essentially

 unmeasurable or (2) it always causes fundamental unfairness.
James v. People, 2018 CO 72, ¶ 15, 426 P.3d
 336, 339.

 ¶18
 Very few errors fall into this category. The Supreme Court
 has explained that structural error includes only those
 egregious violations that taint the entire trial. Weaver
 v. Massachusetts, 582 U.S. 286, 295-96 (2017);
United States v. Gonzalez-Lopez, 548 U.S. 140, 148
(2006). We have found structural error, for example, when (1)
a defendant was sentenced for a crime different from that on
 which a jury's guilty verdict was based, Medina v.
 People, 163 P.3d 1136, 1142 (Colo. 2007); (2) a jury was
 improperly instructed on an element of a crime, Cooper v.
 People, 973 P.2d 1234, 1242 (Colo. 1999); and (3) a
 defendant was deprived of counsel, Hagos, ¶ 10,
 288 P.3d at 119.

 ¶19
 Constructive amendments do not fall in this
 class.[4] Constructive amendments can broaden or
 narrow indictments, thus sometimes producing prejudice and
 sometimes producing no prejudice at all.

 ¶20
 For instance, in People v. Weeks, 2015 COA 77, 369
 P.3d 699, while the court of appeals found a constructive
 amendment, it also concluded there was no prejudice. In that
 case, the defendant was charged with causing a child's
 death through a pattern of "cruel punishment,
 mistreatment, or an accumulation of injuries."
Id. at ¶ 51, 369 P.3d at 709 (alteration
 omitted). The jury instructions, however, included two other
 elements: malnourishment and lack of proper medical care.
Id. ¶¶ 48, 50-51, 369 P.3d at 708-09.
Because nothing suggested that the defendant had engaged in a
 pattern of malnourishment or lack of proper medical care, the
 division determined that the defendant was not prejudiced by
 the constructive amendment. Id. at ¶ 55, 369
 P.3d at 709.

 ¶21
 In Rediger, however, this court determined that a
 constructive amendment did prejudice the defendant because it
 lessened the People's burden. ¶ 51, 416 P.3d at 904.
In that case, the defendant was charged with

willfully imped[ing] the staff or faculty of [an educational
 institution] in the lawful performance of their duties or
 willfully imped[ing] a student of the institution in the
 lawful pursuit of his educational activities through the use
 of restraint, abduction, coercion, or intimidation or when
 force and violence [were] present or threatened.

Id. at ¶ 49, 416 P.3d at 903 (second and fourth
 alterations in original). The jury instruction, in contrast,
 only required the People to prove that the defendant
"willfully den[ied] to students, school officials,
 employees, and invitees . . . [l]awful use of the property or
 facilities of [an educational] institution."
Id. at ¶ 50,

416 P.3d at 904 (alterations in original). This court
 concluded the difference between the charging document and
 the jury instructions prejudiced the defendant because it
 materially lessened the People's burden and substantially
 undermined the fairness of the trial. Id. at
 ¶¶ 51-52, 416 P.3d at 904. As these cases
 demonstrate, constructive amendments will sometimes, but not
 always, prejudice a defendant. Appellate courts can conduct
 that evaluation.

 ¶22
 Moreover, a constructive amendment "does not
 necessarily render a criminal trial fundamentally
 unfair." Neder v. United States, 527 U.S. 1, 9
(1999). For instance, a defense could apply equally to the
 charged and amended counts. See, e.g., Collins
 v. State, 305 So.3d 1262, 1265-67 (Miss. Ct. App. 2020)
(noting that the constructive amendment did not affect the
 trial's fairness because the amendment would not change
 the defense's theory). Or a constructive amendment can
 make the prosecution's case harder to prove.
See, e.g., United States v. Kilmartin, 944
 F.3d 315, 326 (1st Cir. 2019) (concluding that there was no
 prejudice because the constructive amendment "had the
 effect of adding another element that the government was
 required to prove beyond a reasonable doubt"). In these
 circumstances, the constructive amendment does not
 necessarily make the criminal trial unfair. Certainly, there
 could be circumstances in which a constructive amendment
 would cast doubt on the fundamental fairness of the trial,

 and courts must have the tools to address those
 circumstances. But automatic reversal is too blunt a tool.
Review for plain error is a much better fit.

 ¶23
 Having concluded that constructive amendments are not
 structural error, we proceed to review the amendment that
 occurred here for plain error.[5]

 ¶24
 An error is plain only if it is obvious, substantial, and so
 undermined the trial's fundamental fairness as to cast
 doubts on the reliability of the conviction. Hagos,
 ¶ 14, 288 P.3d at 120. In other words, the defendant can
 prove plain error by demonstrating substantial prejudice.
See Rediger, ¶ 52, 416 P.3d at 904.

 ¶25
 The constructive amendment here did not undermine the
 fundamental fairness of the trial or substantially prejudice
 Bock. While Bock was charged only with violations of the
 single theft provision of the theft statute, he was informed
 before trial, through the bill of particulars, of the precise
 dates and sums that formed the basis of the claims that would
 be presented at trial, including the fact that some of those
 claims would be for multiple, aggregated thefts. He could not
 reasonably claim surprise or lack of notice that would
 prevent him from defending against the aggregated claims at
 trial. In fact, repeated conversations between

counsel and the court throughout trial demonstrate that he
 was aware of the aggregated claims. Moreover, the jury
 instructions ultimately raised the prosecution's burden
 of proof, requiring them to prove the additional element that
 the individual thefts occurred within six months of each
 other.

 III.
Conclusion

 ¶26
We hold that constructive amendments are reviewed for plain,
 rather than structural, error. We further hold that the error
 wasn't plain because it did not undermine the trial's
 fundamental fairness. Accordingly, we affirm.

---------

[1] The bill of particulars did not
 respond to Bock's request for identification of "the
 specific subsection of the theft statute that he is being
 prosecuted under for each charge." Bock did not
 challenge this omission.

[2] We granted certiorari to review the
 following issue:

Whether the constructive amendment in the theft
 instruction constituted structural error, or, alternatively,
 plain, reversible error.

[3] Because this case presents a question
 of law, we review it de novo. Howard-Walker v.
 People, 2019 CO 69, ¶ 22, 443 P.3d 1007,
 1011.

[4] Divisions of the court of appeals have
 been split on whether constructive amendment is structural
 error. Compare People v. Rail, 2016 COA 24, ¶
 50, 457 P.3d 608, 617 ("A constructive amendment is per
 se reversible."), and People v. Foster, 971
 P.2d 1082, 1087 (Colo.App. 1998) ("A variance that
 broadens an indictment constitutes a constructive amendment
 and is reversible per se."), with People v.
 Carter, 2021 COA 29, ¶¶ 14, 48-57,
 486 P.3d 473, 477, 483-84 (concluding that "a
 constructive amendment isn't a structural error" and
 then reviewing the defendant's unpreserved constructive
 error claim for plain error), and People v. Garcia,
 2023 COA 58, ¶¶ 45-49, 536 P.3d 847, 856-57 (same).
We settle that question today.

[5] Bock urges us to adopt a standard that
 would presume prejudice-requiring the People to prove that no
 prejudice had been caused by the constructive amendment
 instead of requiring Bock to demonstrate prejudice. Because
 we conclude that there was no prejudice here, we do not
 consider whether there might be circumstances in which a
 presumption of prejudice would be appropriate.

---------