22CA2109 Peo v Ali 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA2109
Arapahoe County District Court No. 15CR2611
Honorable Darren L. Vahle, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Zakaria Hussein Ali,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Suzan Trinh Almony, Alternate Defense Counsel, Broomfield, Colorado, for Defendant-Appellant

¶ 1     Defendant, Zakaria Hussein Ali, appeals the district court's judgment entered on a jury verdict finding him guilty of first degree felony murder.  He also appeals his sentence of life in prison without the possibility of parole (LWOP).  We affirm.

## I.     Background

¶ 2     The jury heard evidence from which it could have found the following.  Ali and his codefendants drove to Colorado in 2012 to buy marijuana and bring it back to Minnesota.  During the drive, they discussed possibly robbing the seller rather than buying the marijuana.  The group met with the seller, C.M., but when C.M. didn't have the quantity the group wanted, they attacked him; one of Ali's codefendants choked C.M.  Ali pulled out a gun and shot C.M. in the leg.  He then told one of his confederates, Osman, to tie up C.M. with zip ties.  Osman did so.  Ali's group stole C.M.'s wallet, watch, cell phone, and marijuana plants, then left him tied up.  C.M. bled to death.

¶ 3     The People charged Ali with first degree murder after deliberation, first degree felony murder (predicated on robbery), second degree assault, aggravated robbery, and conspiracy to commit aggravated robbery.  A jury convicted Ali on all charges, but

1

a division of this court reversed. *People v. Ali*, (Colo. App. No. 17CA0379, Sept. 17, 2020) (not published pursuant to C.A.R. 35(e)). A second jury convicted him of first degree felony murder but acquitted him of the other charges. The district court sentenced Ali to LWOP in the custody of the Colorado Department of Corrections.

## II.    Discussion

¶ 4    Ali contends that the district court erred by (1) entering a judgment of conviction based on an ambiguous jury verdict and (2) sentencing him to an unconstitutional LWOP term of incarceration. We reject both contentions.

### A.    Felony Murder Conviction

¶ 5    Ali contends that the jury's verdict on first degree felony murder was ambiguous because (1) it lacked either a guilty verdict for or a special interrogatory on the predicate robbery offense, and (2) the jury found him not guilty of aggravated robbery (and conspiracy to commit aggravated robbery). In essence, he contends

that we can't be sure that the jury found that he committed robbery. We disagree.[1]

## 1. Additional Facts

¶ 6    The district court instructed the jury on the elements of felony murder in Instruction No. 14 as follows:

1.    That Mr. Ali,
2.    in the State of Colorado, at or about the date and place charged,
3.    acting alone or with one or more persons,
4.    committed or attempted to commit Robbery, and
5.    in the course of or in furtherance of the crime of Robbery that he was committing or attempting to commit, or in the immediate flight therefrom,
6.    the death of a person, other than one of the participants, was caused by any participant.

¶ 7    Instruction No. 15 continued:

---

[1] Ali also seems to assert that because the felony murder predicate conspiracy offense in the indictment differs from the predicate robbery offense for which he was convicted, the jury's verdict is thereby rendered more ambiguous. But Ali cites only *People v. Pahl*, 169 P.3d 169, 177 (Colo. App. 2006), which discusses constructive amendments and simple variances. He doesn't argue that there was a variance and, if so, what type. It isn't clear to us how either would make the verdict any more ambiguous, considering that Ali was tried twice for felony murder with a predicate robbery offense. In any event, we don't address such conclusory arguments. *People v. Wiseman*, 2017 COA 49M, ¶ 48.

3

As used in Instruction No. 14, the elements of the crime of Robbery are:

1. That Mr. Ali,
2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. took a thing of value,
5. from the person or presence of another,
6. by the use of force, threats or intimidation.

¶ 8 The court instructed the jury regarding the elements of the *aggravated* robbery charge in Instruction No. 16 as follows:

1. That Mr. Ali,
2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. took anything of value,
5. from the person or presence of C.M.,
6. by the use of force, threats or intimidation, and
7. during the act of robbery or immediate flight therefrom,
8. knowingly,
9. wounded or struck C.M.,
10. with a deadly weapon.

## 2. Standard of Review and Applicable Law

¶ 9 We review de novo whether verdicts are logically or legally inconsistent or ambiguous. *See People v. Shockey*, 2023 COA 121, ¶¶ 33-35 (inconsistent verdicts) (*cert. granted* Sept. 30, 2024); *cf.*

4

*Kreiser v. People*, 604 P.2d 27, 28-30 (Colo. 1979) (considering whether the jury's verdict was ambiguous based only on the objective circumstances).

¶ 10     "Taken together, the Fifth Amendment Due Process Clause and the Sixth Amendment guarantee of a trial by jury permit conviction only upon a jury verdict finding the defendant guilty of having committed every element of the crime with which he has been charged." *Sanchez v. People*, 2014 CO 29, ¶ 13 (first citing *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993); and then citing *Medina v. People*, 163 P.3d 1136, 1140 (Colo. 2007)). "The prosecution bears the burden of proving all elements of the offense charged and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." *Sullivan*, 508 U.S. at 277-78 (citations omitted).

¶ 11     Consistent with these principles, "[a] verdict in a criminal case should be certain and devoid of ambiguity." *Yeager v. People*, 462 P.2d 487, 489 (Colo. 1969). To put a bit of a finer point on it, "[t]he verdict must 'convey beyond a reasonable doubt the meaning and intention of the jury.'" *Shockey*, ¶ 38 (quoting *People v. Durre*, 690 P.2d 165, 173 (Colo. 1984)).

¶ 12     But consistency in verdicts isn't necessarily required. *People v. Brooks*, 2020 COA 25, ¶ 12 (citing *People v. Frye*, 898 P.2d 559, 571 (Colo. 1995)). And "[w]e have a duty 'to reconcile and uphold verdicts if the evidence so permits.'" *Shockey*, ¶ 33 (quoting *People v. Scearce*, 87 P.3d 228, 232 (Colo. App. 2003)).

¶ 13     Colorado courts have recognized three circumstances in which a verdict may be unconstitutionally inconsistent with another verdict: (1) when an acquittal of one offense necessarily contradicts a conviction on another because the evidence of each was the same, *Robles v. People*, 417 P.2d 232, 234 (Colo. 1966); (2) when verdicts are, because of the elements of the respective offenses, mutually exclusive, *People v. Delgado*, 2019 CO 82, ¶¶ 20, 23, 28; and (3) when a jury's special interrogatory response negates an element of the substantive offense to which the interrogatory applies, *Brooks*, ¶¶ 22-25.

¶ 14     Felony murder requires that the defendant committed or attempted to commit a predicate offense identified in section 18-3-102(1)(b), C.R.S. 2015. *Doubleday v. People*, 2016 CO 3,

¶ 22.[2]  Thus, to convict a defendant of felony murder, the prosecution must prove beyond a reasonable doubt each of the elements of the predicate offense.  *Id.* at ¶ 24.

### 3.    Analysis

¶ 15    Ali contends that the absence of a guilty verdict for robbery or a special interrogatory response by the jury saying it found that he committed robbery, combined with the jury's acquittal on the aggravated robbery charge, means that it is unclear whether the jury found that he committed robbery.  Indeed, he seems to suggest that the jury's acquittal on the aggravated robbery charge contradicts the conviction on the felony murder charge because the prosecution's theory was that Ali committed aggravated robbery, not robbery.  Ali's argument is difficult to follow, but, in any event, we don't see any ambiguity.

¶ 16    Ali doesn't cite any authority for the proposition that a verdict on felony murder is ambiguous unless the jury delivers a verdict separately finding the defendant guilty of the predicate offense or

---

[2] The offense of felony murder is now codified at section 18-3-103(1)(b), C.R.S. 2024.  It is now classified as second degree murder.

answers a special interrogatory by saying that it found that the defendant committed the separate offense. And we aren't aware of any. What matters is whether the jury's verdict reflects a finding that the defendant committed the elements of the offense of felony murder beyond a reasonable doubt. The jury's verdict in this case does so. The court correctly instructed the jury (1) that it had to find each element of the offense — including the predicate offense of robbery — beyond a reasonable doubt and (2) on the elements of robbery. The elemental instructions for robbery expressly referred back to the elemental instructions for felony murder. So we know that the jury found that Ali committed both the predicate offense of robbery and the offense of felony murder beyond a reasonable doubt.

¶ 17 The jury's not guilty verdict on aggravated robbery doesn't create any inconsistency or ambiguity.

¶ 18 "Aggravated robbery includes all of the elements of the crime of robbery, but also requires additional elements such as the use of a deadly weapon or putting the person robbed, or any other person, in reasonable fear of death or bodily injury." *People v. Borghesi*, 66 P.3d 93, 97 (Colo. 2003). "Thus, one who commits an aggravated

8

robbery has also committed the lesser included offense of robbery." *Id.* But the inverse of that isn't true: one may commit robbery but not aggravated robbery. There is simply no inherent inconsistency in acquitting a defendant of aggravated robbery and convicting him of robbery.

¶ 19 We agree with the People that the division's reasoning in *People v. Beller*, 2016 COA 184, supports this conclusion. In *Beller*, the jury acquitted the defendant of aggravated robbery but failed to reach a verdict on the felony murder charge predicated on either aggravated robbery, attempted aggravated robbery, robbery, or attempted robbery. *Id.* at ¶ 1. After a second trial and conviction for felony murder, the defendant appealed, arguing that because he was acquitted of aggravated robbery in the first trial, the conviction in the second trial predicated on robbery and attempted robbery violated the Double Jeopardy Clause of the Fifth Amendment. *Id.* at ¶ 15. The division rejected that argument, concluding that the second jury could have found the defendant guilty of robbery as a felony murder predicate offense: the prior acquittal on the greater offense of aggravated robbery didn't act as an acquittal of robbery. *Id.* at ¶¶ 21, 29-30.

9

¶ 20    Though this case doesn't involve a double jeopardy claim, the

*Beller* division's reasoning applies with equal force to Ali's

inconsistency/ambiguity claim.  The acquittal on the aggravated

robbery charge doesn't mean the jury found Ali not guilty of

robbery.  And, as discussed above, we know that the jury found Ali

guilty of robbery because the court correctly instructed the jury on

the elements of felony murder and robbery, and Instruction No. 15

(listing the elements of robbery) cross-referenced the elemental

instruction on felony murder.  *See Washington v. People*, 2024 CO

26, ¶ 31 ("[W]e presume the jury understood and followed the

court's instructions.").

¶ 21    *Doubleday*, on which Ali relies, is distinguishable.  In that

case, the jury acquitted the defendant of attempted aggravated

robbery but found him guilty of felony murder predicated on

attempted aggravated robbery.  *Doubleday*, ¶¶ 9, 12.  And in

acquitting the defendant of attempted aggravated robbery, the jury

answered a special interrogatory saying that the prosecution hadn't

disproved the defendant's affirmative defense of duress.  *Id.* at ¶ 12.

The supreme court held that the jury's acquittal of the defendant on

the predicate offense invalidated the conviction for felony murder.

*Id.* at ¶ 27.  In this case, however, the jury didn't acquit Ali of the predicate offense — robbery.

¶ 22    Ali's reliance on *Lehnert v. People*, 244 P.3d 1180 (Colo. 2010), fares no better.  In *Lehnert,* the court gave a jury instruction asking, "Did the defendant possess *and* threaten the use of a deadly weapon . . . ?"  *Id.* at 1183 (emphasis added in *Lehnert*).  This differed from the verdict form, which asked, "[Did] the defendant . . . possess *or* threaten the use of a deadly weapon[?]"  *Id.* (emphasis added in *Lehnert*).  The verdict was therefore ambiguous because the difference between "and" and "or" left a reasonable possibility that the jury didn't unanimously find that the defendant possessed a deadly weapon.  *Id.* at 1187.  But in this case, there was no inconsistency between the court's instructions and the verdict form, nor can the jury's not guilty finding on aggravated robbery be analogized to any such inconsistency.

## B.    LWOP Sentence

¶ 23    Next, Ali contends that the district court erred by sentencing him to LWOP for felony murder (as was statutorily required at the time of trial) because that sentence is categorically unconstitutional or, in the alternative, is grossly disproportionate to the offense

under the Eighth Amendment to the United States Constitution and article II, section 20 of the Colorado Constitution. We reject these contentions.

### 1.   Standard of Review and General Eighth Amendment Principles

¶ 24     "We review de novo the constitutionality of statutes." *Sellers v. People*, 2024 CO 64, ¶ 16 (*Sellers II*), *aff'g* 2022 COA 102 (*Sellers I*). We also review de novo whether a sentence is grossly disproportionate to the offense in violation of the Eighth Amendment and article II, section 20 of the Colorado Constitution. *Wells-Yates v. People*, 2019 CO 90M, ¶ 35.

¶ 25     Both the Eighth Amendment and its Colorado analogue provide that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; Colo. Const. art. II, § 20. "This prohibition 'guarantees individuals the right not to be subjected to excessive sanctions.'" *Sellers II*, ¶ 17 (quoting *Miller v. Alabama*, 567 U.S. 460, 469 (2012)). "This right stems from the concept that punishment for a crime should be proportionate to both the offender and the offense." *Id.*

¶ 26    Proportionality challenges come in two varieties: "(1) cases in which the Court implements the proportionality standard through categorical restrictions and (2) cases in which the Court considers all of the circumstances of the case to determine whether the length of a term-of-years sentence is unconstitutionally excessive or grossly disproportionate to the offender or the offense." *Id.* at ¶ 18 (citing *Graham v. Florida,* 560 U.S. 48, 59 (2010)).

## 2.    Categorical Unconstitutionality

¶ 27    Ali contends that LWOP for felony murder is categorically unconstitutional because (1) the General Assembly has reclassified felony murder from a class 1 felony to a class 2 felony; (2) in doing so, the General Assembly acknowledged research indicating that brain function doesn't fully develop until a person is in his mid- to late twenties (Ali was twenty-three at the time of the offense); and (3) at least forty-five jurisdictions in the United States don't require LWOP sentencing for felony murder.

¶ 28    The Colorado Supreme Court recently considered and rejected these arguments. *Sellers II*, ¶¶ 19-37. It held that "[b]ased on objective indicia of societal standards and evolving standards of decency as expressed in legislative action and state practice, as well

as the exercise of our independent judgment, . . . an LWOP sentence for felony murder for an adult offender is not categorically unconstitutional." *Id.* at ¶ 2.

¶ 29    We are, of course, bound by the supreme court's decision in *Sellers II, see People v. Allen*, 111 P.3d 518, 520 (Colo. App. 2004), and therefore we don't need to address Ali's contention further.

### 3.    Disproportionality

¶ 30    Ali contends in the alternative that his sentence is grossly disproportionate.  We disagree.

### a.    Applicable Law

¶ 31    The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Wells-Yates*, ¶ 5 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)); *accord Rutter v. People*, 2015 CO 71, ¶ 15.  "[I]n conducting proportionality reviews in non-capital cases, courts will rarely conclude that a defendant's sentence is grossly disproportionate."  *Rutter*, ¶ 16.  Because fixing prison sentences for crimes is uniquely within the General Assembly's province, courts "grant 'substantial deference to the broad authority that legislatures necessarily possess in

14

determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals.'" *Sellers II*, ¶ 41 (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)).

¶ 32 We apply a two-step process (which may end after the first step) to determine whether a sentence is constitutionally proportionate to the convicted crime. *Id.* at ¶ 44. In step one — the abbreviated proportionality test — we "consider (a) the gravity or seriousness of the offense along with (b) the harshness of the penalty." *Id.* "When a crime is per se grave or serious, a sentencing court may skip the determination regarding the gravity or seriousness of the offense and proceed directly to assess the harshness of the penalty." *Id.* at ¶ 48.

¶ 33 We go to step two — the extended proportionality review — only when the abbreviated proportionality review gives rise to an inference of gross disproportionality. *Id.* at ¶ 45. In step two, "the court may compare the defendant's sentence to sentences for other crimes in the same jurisdiction and to sentences for the same crime committed in other jurisdictions." *Id.* at ¶ 44.

15

### b. Analysis

¶ 34    We conclude that Ali's LWOP sentence doesn't give rise to an inference of gross disproportionality because (1) felony murder and the predicate robbery offense are per se grave or serious; (2) Ali's offense, in fact, is grave or serious; and (3) the harshness of the penalty, considered in light of the seriousness of the offense, doesn't give rise to an inference of gross disproportionality.

¶ 35    "Felony murder is a per se grave or serious offense because it necessarily involves committing a violent predicate felony that results in the death of a person.  Thus, every factual scenario giving rise to a charge of felony murder will be grave or serious." *Sellers I,* ¶ 65; *see People v. Crawley*, 2024 COA 49, ¶¶ 21-22 (second degree murder is per se grave or serious).  Indeed, the General Assembly has designated second degree murder — which now includes felony murder — as a per se crime of violence and an extraordinary risk crime.  §§ 18-3-103(4), 18-1.3-406(2)(a)(II)(B), C.R.S. 2024.

¶ 36    Also, robbery — on which Ali's felony murder conviction is predicated — is per se grave or serious.  "A conviction for robbery is per se grave or serious because it will always involve knowing conduct and grave harm (or the threat of grave harm) to the victim

16

or society (or both)." *Wells-Yates*, ¶ 64. It would be incongruous — to say the least — to regard robbery as per se grave or serious but, in effect, not treat it as such if charged as the predicate offense of felony murder — an offense that can obviously be charged only if someone is killed in furtherance of the robbery.

¶ 37 We therefore conclude that Ali's offense is per se grave or serious.

¶ 38 But even if it were not, the facts of Ali's case lead us to conclude that his offense is grave or serious. Ali and his codefendants drove across the country to traffic marijuana, discussing possibly robbing the seller while in transit. They robbed C.M., and Ali (or possibly one of his confederates) shot C.M. At Ali's behest, one of his confederates tied up C.M. with zip ties. They left C.M. to bleed to death. Ali's conduct was even more egregious than that of the defendant in *Sellers*, in which the supreme court concluded that the defendant's offense was, on the facts, grave and serious. *See Sellers II*, ¶¶ 6, 50.

¶ 39 Turning to the harshness of the penalty, we acknowledge that LWOP is the harshest sentence authorized by the General Assembly. "Nonetheless, the Supreme Court has concluded that

sentencing certain defendants who have committed felonies to LWOP does not necessarily run afoul of the Eighth Amendment." *Sellers II*, ¶ 52 (citing *Harmelin*, 501 U.S. at 994-96). We conclude, as the supreme court did in *Sellers II* under similar facts, that the harshness of the penalty for Ali's felony murder conviction doesn't give rise to an inference of gross disproportionality. *Id.* at ¶ 53. Therefore, an extended proportionality review isn't warranted. *See id.* at ¶ 54.

## III. Disposition

We affirm the district court's judgment of conviction and sentence.

JUDGE BROWN and JUDGE YUN concur.