2014 CO 29

**Dennis SANCHEZ, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**Supreme Court Case No. 11SC165**

Supreme Court of Colorado.

May 12, 2014

Attorneys for Petitioner: Douglas Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado

Attorneys for Respondent: John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 Sanchez petitioned for review of the court of appeals' judgment in *People v. Sanchez*, No. 07CA898, 2011 WL 221446 (Colo. App. Jan. 20, 2011) (not published pursuant to C.A.R. 35(f)), which affirmed, among others, his conviction for sexual assault on a child as part of a pattern of abuse. The trial court entered judgment of conviction for a class 3 felony, designated "Sexual Assault on a Child—Pattern of Abuse," notwithstanding the jury's verdict of "Not Guilty" on the only charge actually entitled, "Sexual Assault on a Child," on the basis of its separate finding of two out of six enumerated touching incidents presented on a verdict form entitled, "Sexual Assault on a Child—Pattern of Abuse." A majority of the court of appeals found that the defendant had been adequately charged in a single count with both the elements of sexual assault on a child and the pattern-of-abuse sentence enhancer, separate and apart from the count charging simply "Sexual Assault on a Child"; and that the jury's instructions did not make its finding of a pattern of abuse contingent upon first finding the defendant's guilt of the separately charged crime of "Sexual Assault on a Child."

¶ 2 Because, however, the verdict form by which the jury found the defendant "Guilty" of "Sexual Assault on a Child—Pattern of Abuse" never offered the jury an opportunity to find that he committed the elements of sexual assault on a child, and instead reflected at most the jury's factual finding of two different incidents of sexual contact, the trial court erred in entering judgment of conviction for a class 3 felony offense of sexual assault on a child, and the court of

appeals' judgment affirming that conviction is now reversed.

## I.

¶3 In October 2005, Dennis Sanchez was charged in four separate counts with class 4 felony "Sexual Assault on a Child," class 3 felony "Sexual Assault on a Child—Pattern of Abuse," "Criminal Attempt to Commit Sexual Assault on a Child," and "Child Abuse," with regard to acts committed upon his daughters, S.A.S. and S.E.S. Based on the jury's verdicts, the trial court entered judgment of conviction for one count of sexual assault on a child—pattern of abuse, one count of attempted sexual assault on a child, and one count of misdemeanor child abuse. The defendant was sentenced to an indeterminate term of nine years to life for the sexual assault conviction and concurrent terms of two years and 18 months respectively for attempt and child abuse.

¶4 In the only count of the Complaint and Information designated "Sexual Assault on a Child," it was alleged, in substantially the words of section 18-3-405(1), C.R.S. (2013), the statute defining and proscribing the crime of sexual assault on a child, that over a slightly longer than one-month period in 2005, the defendant "unlawfully, feloniously, and knowingly subjected [S.A.S.], not his spouse, to sexual contact and the victim was less than fifteen years of age and the defendant was at least four years older than the victim." In a separate count designated "Sexual Assault on a Child—Pattern of Abuse," it was alleged, in the virtually identical language of the statute, that the defendant subjected S.A.S. to sexual contact over an approximately four-and-one-half-year period, which included the shorter period designated in the charge of "Sexual Assault on a Child," and it was further alleged that the defendant "committed the act as a part of a pattern of sexual abuse," in violation of subsection (2)(d) of the statute, a condition elevating the crime of sexual assault on a child from a class 4 to a class 3 felony. See § 18-3-405(2)(d), C.R.S. (2013). The defendant's daughter S.A.S., who was 11 years old at the time of the trial, testified to six discrete incidents of sexual contact by the defendant, at six different times, one occurring in the family's Thornton home in Adams County, two occurring in the family's Wheat Ridge apartment, and the remaining three occurring at a Denver address. Only the Thornton incident fell within the narrower window of time charged solely as "Sexual Assault on a Child."

¶5 The jury was instructed on the elements of the crime of sexual assault on a child in the format of an elemental instruction urged by the Colorado Jury Instructions—Criminal, see COLJI–Crim. 12:09 (1983 & Supp.1993), which enumerated the elements of the offense and concluded with the two recommended parallel paragraphs, allowing for verdicts of either "Not Guilty" or "Guilty." The first concluding paragraph instructed the jury in the words of the model instructions that after considering all the evidence, if it decided the prosecution had proven each of the elements beyond a reasonable doubt, it should find the defendant guilty of "Sexual Assault of a Child"; and the second instructed the jury that after considering all the evidence, if it decided the prosecution had failed to prove any one or more of the elements beyond a reasonable doubt, it should find the defendant not guilty of "Sexual Assault on a Child." This instruction was generic in designation, without reference to any particular count of the charging document or any particular verdict form.

¶6 In addition, the jury was instructed, in the form of an interrogatory, with the introductory caution that this particular instruction should be disregarded altogether "[i]f you do not find the defendant guilty of Sexual Assault on a Child ( [S.A.S.] )." This instruction further directed the jury, "If, however, you find the defendant guilty of Sexual Assault on a Child ( [S.A.S.] ), then answer the following question: Did the defendant commit Sexual Assault on a Child as part of a pattern of Sexual Abuse?" The instruction then defined "Pattern of Abuse"; notified the jury that it was the prosecution's burden to prove beyond a reasonable doubt that the defendant committed "a pattern of sexual abuse"; and concluded by directing the jury that after considering all of the evidence, it should indicate on the verdict form provided

whether or not it found that the prosecution had proven the defendant committed "a pattern of sexual abuse."

¶ 7 The jury received four verdict forms, three of which expressly contained a "count" designation: "Count I, Sexual Assault on a Child ( [S.A.S.] )," "Jury Verdict, Count II, Attempted Sexual Assault on a Child ( [S.E.S.] )," and "Jury Verdict, Count III, Child Abuse ( [S.A.S.] )."[1] The fourth verdict form referenced no particular count but was designated "Sexual Assault on a Child—Pattern of Abuse ( [S.A.S.] )," corresponding precisely by title with the sole remaining charge.[2] While the three verdict forms referencing particular counts offered the jury a clear choice to find the defendant either "Guilty" or "Not Guilty" of the named offense, the verdict form for "Sexual Assault on a Child—Pattern of Abuse," like the preceding interrogatory defining "Pattern of Abuse" and querying whether the defendant committed "Sexual Assault on a Child as part of a pattern of Sexual Abuse," conditioned completion of that particular verdict form upon the jury's finding the defendant guilty of "Sexual Assault on a Child."[3] The jury was directed that if, but only if, it were to find the defendant guilty of "Sexual Assault on a Child," was it to complete this verdict form; and in that event, it was offered a choice to further find the defendant guilty or not guilty of "Sexual Assault on a Child—Pattern of Abuse." As to the latter choice,

1. The count numbers reflected the order of the verdict forms rather than the order of counts in the Complaint and Information.

2. Although the fourth verdict form had no particular count designated, the trial court referred to this form as "Count IV" in its response to jury questions.

3. If you find the defendant **guilty** of Sexual Assault on a Child, you must complete either Section I or II:
    Section I. We, the jury, find the Defendant, Dennis Sanchez, NOT GUILTY of Sexual Assault on a Child—Pattern of Abuse.

    **FOREPERSON**
    Section II. We, the jury, find the Defendant, Dennis Sanchez, GUILTY of Sexual Assault on a Child—Pattern of Abuse, by unanimously finding that the following specific incidents occurred:
    [ ] Touching in the defendant's bedroom at the 501 S. Navajo St. address in Denver.

the form read, "We, the jury, find the Defendant, Dennis Sanchez, GUILTY of Sexual Assault on a Child—Pattern of Abuse, *by unanimously finding that the following specific incidents occurred,*" (emphasis added), and it then described six incidents of "touching" in terms of particular locations, with an unmarked box next to each. The verdict form concluded by directing the foreperson to check the above boxes only if the jury had unanimously decided that either all of the incidents of sexual contact had occurred or unanimously agreed which specific incidents of sexual contact occurred.

¶ 8 The jury returned verdicts of "Guilty" as to attempt and child abuse but "Not Guilty" as to "Count I, Sexual Assault on a Child ( [S.A.S.] )." Notwithstanding finding the defendant not guilty of the only count designated "Sexual Assault on a Child," the jury proceeded to answer the pattern of abuse verdict form, checking two of the boxes, while leaving unmarked the remaining four, including the only touching incident falling within the time frame charged in "Count I, Sexual Assault on a Child ( [S.A.S.] )." On the basis of this verdict form, the trial court entered judgment of conviction for a class 3 felony, designated on the mittimus as "Sex Assault/Child—Pattern of Abuse."

¶ 9 On direct appeal the defendant raised a number of challenges to the sufficiency of the jury's verdict regarding "Sexual Assault on a

[ ] Touching in [S.A.S]'s bedroom at the 501 S. Navajo St. address in Denver.
[ ] Touching in the bathroom while [S.A.S.] was brushing her teeth at the 501 S. Navajo St. address in Denver.
[ ] Touching in [S.A.S.]'s room at the apartment in Wheat Ridge after pushing [S.E.S.] out of the room.
[ ] Touching in the kitchen at the apartment in Wheat Ridge while she was fixing [her sisters] cereal.
[ ] Touching in the bedroom at the residence in Thornton 3–4 weeks before the police were contacted.

**FOREPERSON**
The foreperson should check the above boxes *only* if the jury has unanimously decided that either all of the incidents of sexual contact have occurred or unanimously agreed which specific incidents of sexual contact occurred.

Child—Pattern of Abuse," all of which were rejected by the court of appeals majority. We granted the defendant's petition for a writ of certiorari on the questions whether the jury in fact acquitted him of the only act the prosecutor charged and elected as the predicate for the pattern of abuse enhancer and, even if not, whether the complaint and information failed to give the defendant adequate notice of the various incidents of alleged sexual assault of which evidence was ultimately presented to the jury. Following oral argument, we ordered supplemental briefing on the question whether the jury's verdict amounted to a finding that the defendant committed the elements of sexual assault on a child and was guilty of that offense at all.

## II.

¶ 10 The crime designated "Sexual assault on a child" is defined at section 18–3–405(1). ("Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim."). Sexual assault on a child is classified as a class 4 felony unless the offense is committed in any of four specifically enumerated ways. § 18–3–405(2). As relevant to the proceedings before us, the offense of sexual assault on a child is elevated to a class 3 felony if the actor commits it as part of a pattern of sexual abuse "as described in subsection (1) of this section." § 18–3–405(2)(d). The phrase "pattern of sexual abuse" is itself defined at section 18–3–401(2.5), C.R.S. (2013), to mean "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim"; and the sentence enhancing provision at subsection (2)(d) of section 18–3–405 specifies that the offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

¶ 11 Acceptable methods of charging the pattern sentence enhancer have previously been the subject of litigation before this court. In *People v. Melillo*, 25 P.3d 769, 777–80 (Colo.2001), we held that a single count of a charging document could adequately charge both the crime of sexual assault on a child and the pattern-of-abuse sentence enhancer, as long as the elements of both the offense and the enhancer were clearly alleged. In that case, we also found the particular charge to have been adequate to support conviction for class 3 felony sexual assault on a child, despite the prosecution's failure to elect a specific incident of sexual contact on which to base its charge of sexual assault on a child, because the young victim was unable to differentiate among the numerous incidents of sexual contact committed against her by the defendant over the two-year period charged and because, in lieu of forcing the election of a specific act of sexual assault, the court issued an instruction requiring jury unanimity, pursuant to our direction in *Thomas v. People*, 803 P.2d 144, 152–55 (Colo.1990). *Melillo*, 25 P.3d at 778–80.

¶ 12 The sufficiency of a single count of a charging document alleging both the crime of sexual assault on a child and the pattern-of-abuse sentence enhancer, the question with which we were confronted in *Melillo*, however, is substantially different from the question whether a jury has unambiguously found the defendant guilty of sexual assault on a child and the pattern-of-sexual-abuse sentence enhancer. As we indicated in *Melillo*, the former is concerned with whether the charging document gives the defendant sufficient notice of the charge against him to both enable him to prepare a defense and plead the resolution of the charge as a bar to subsequent proceedings. *See id.* at 778; *see also People v. Williams*, 984 P.2d 56, 60 (Colo.1999); *People v. Tucker*, 631 P.2d 162, 163 (Colo.1981). Where the allegations of the charge are specific enough to meet these requirements, we held there to be no impediment to joining allegations of the commission of sexual assault on a child and the pattern-of-abuse sentence enhancer in a single count of the charging document. *Melillo*, 25 P.3d at 779–80.

¶ 13 In *Melillo*, however, we in no way suggested that the addition of the pat-

tern-of-abuse element to a charge of sexual assault on a child created a separate offense, or that the defendant could be convicted of sexual assault on a child by special interrogatory, based on nothing more than factual findings of two incidents of sexual contact against the same victim. *See id.* at 777–80. Notwithstanding an adequately narrowed charge of both sexual assault on a child and the pattern-of-abuse sentence enhancer, a judgment of conviction for sexual assault on a child, elevated to a class 3 felony for having been committed as part of a pattern of abuse, can nevertheless be sustained only upon an unambiguous jury finding of the defendant's guilt of the crime of sexual assault on a child and, in addition, a finding that he committed at least one other act of sexual contact against the same victim. *See* §§ 18–3–401(2.5); 18–3–405(2)(d). Taken together, the Fifth Amendment Due Process Clause and the Sixth Amendment guarantee of a trial by jury permit conviction only upon a jury verdict finding the defendant guilty of having committed every element of the crime with which he has been charged. *Sullivan v. Louisiana,* 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Medina v. People,* 163 P.3d 1136, 1140 (Colo.2007). These same constitutional protections prohibit courts from entering a conviction for an offense other than that authorized by a jury's verdict, or directing a verdict for the State, no matter how overwhelming the evidence. *Sullivan,* 508 U.S. at 277, 113 S.Ct. 2078; *Medina,* 163 P.3d at 1140.

¶ 14 The model jury instructions in this jurisdiction have long provided a format for instructing juries concerning both the elements of a crime and their obligations preliminary to returning a verdict of guilty as to that crime. While the precise format and wording chosen for an elemental instruction and accompanying verdict form have never been mandated as a matter of positive law, the model instructions and verdict forms were developed for the specific purpose of

evidencing not only unanimous jury agreement concerning the elements of the criminal offense in question, as a factual matter, but also a unanimous decision to find the defendant guilty of that particular offense. A failure to present the jury with the opportunity to evidence, in this or some comparable manner, its agreement concerning the defendant's guilt of the criminal offense in question risks, at the very least, ambiguity regarding the nature and extent of the jury's determination. Entering judgment of conviction of a crime as to which the jury instructions fail to produce a verdict of guilty beyond a reasonable doubt amounts to structural error, mandating reversal. *Sullivan,* 508 U.S. at 279–81, 113 S.Ct. 2078; *Medina,* 163 P.3d at 1141.

### III.

¶ 15 We need not decide whether the charge in this case designated "Sexual Assault on a Child—Pattern of Abuse" was appropriately narrowed by the court's unanimity instruction, or whether the prosecution in fact elected an act for the crime, as distinguished from the sentence enhancer, of which the defendant was ultimately acquitted. It is enough here that the verdict on the basis of which the trial court entered judgment of conviction for Sexual Assault on a Child—Pattern of Abuse simply failed to evidence a unanimous jury determination that the defendant committed all the elements and was guilty of a crime.

¶ 16 Although the verdict form in question offered the jury the choice to find the defendant guilty or not guilty of what it referred to as "Sexual Assault on a Child—Pattern of Abuse," as distinguished from simply answering the question whether "the defendant committed a pattern of sexual abuse," the jury was never given an elemental instruction for an offense of that designation;[4] nor was it instructed that "Sexual Assault on a Child—Pattern of Abuse" was to be under-

---

4. Because the jury was not presented with an elemental instruction on "Sexual Assault on a Child—Pattern of Abuse," we do not comment on the adequacy or effect of a guilty verdict based on such an instruction. *Cf. Rowe v. People,* 856 P.2d 486, 492–93 (Colo.1993) (finding reversible

error where jury was instructed on first degree assault committed under heat of passion as a separate offense rather than being presented with interrogatory on heat of passion only after determination had been made that defendant was guilty of first or second degree assault).

stood as merely adding an additional pattern-of-abuse condition to the existing elements of the crime of sexual assault on a child, as to which the jury had already been instructed. Quite the contrary, the verdict form signed by the foreperson expressly indicated that by unanimously finding certain "specific incidents," the jury would be finding the defendant, at one and the same time, guilty of "Sexual Assault on a Child—Pattern of Abuse." Only by associating this verdict form with the pattern-of-abuse interrogatory, which instructed the jury that it must unanimously agree that the defendant committed at least the same two or more incidents of sexual contact, would the jury know to sign the guilty portion of the verdict form only if it found at least two of the enumerated touching incidents, but the same interrogatory instruction clearly instructed that two or more incidents of sexual contact would establish a "pattern of abuse"—not the crime of sexual assault on a child as well.

¶ 17 The prosecution does not dispute the absence of any jury verdict expressly finding the defendant guilty of the crime of sexual assault on a child, but rather would have us infer from the cautionary admonition to disregard both the interrogatory instruction and verdict form if the jury did not find the defendant guilty of sexual assault on a child that by marking two of the enumerated incidents of "touching" and signing the "Guilty" section of the form, the jury was signaling that it found the defendant guilty of committing all of the elements of sexual assault on a child in each of those two incidents. Quite apart from the fact that the more natural reading of the admonition would bar consideration of the pattern of abuse unless the jury first found the defendant guilty of the only count actually charged as "Sexual Assault on a Child," the constitutional mandate for a unanimous jury verdict beyond a reasonable doubt simply cannot permit the inference advocated by the prosecution. Even assuming the prosecution's interpretation of the verdict to be a reasonable one, a judgment of conviction cannot be inferred from a verdict that is also subject to a number of other reasonable interpretations. *Sullivan,* 508 U.S. at 280–81, 113 S.Ct. 2078.

¶ 18 The pattern-of-abuse sentence enhancer for sexual assault on a child is concededly unusual, if not actually deceptive, in that it is defined in terms of an incident of sexual contact by the defendant on the same victim, in addition to the incident of sexual contact charged in the information or indictment as sexual assault on a child. *See* §§ 18–3–401(2.5); 18–3–405(2)(d). Unlike the vast majority of criminal acts, "sexual contact" is defined so as to include not only an act, but also a mental state or states. *See* § 18–3–401(4), C.R.S. (2013) (" 'Sexual contact' means the *knowing* touching of the victim's intimate parts by the actor, or the actor's intimate parts by the victim, or *knowing* touching of clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is *for the purposes of* sexual arousal, gratification, or abuse." (emphasis added)). Nevertheless, "sexual contact" alone does not describe a criminal offense. *See id.* Notwithstanding overwhelming evidence of the remaining elements of the crime of Sexual Assault on a Child, which largely involve the defendant's knowledge of his relationship with the victim and their respective ages, *see* § 18–3–405(1), a verdict of guilt may not constitutionally be directed against a defendant, *Sullivan,* 508 U.S. at 277, 113 S.Ct. 2078; *Medina,* 163 P.3d at 1140.

¶ 19 Finally, the prosecution asserts that the defendant has not raised this precise objection before either the trial court or this court. There can be little question that the defendant objected, before the trial court, the court of appeals, and this court, to the lack of specificity of the charge, as well as the insufficiency of the jury verdict to support the judgment of conviction entered in this case. Whether or not he did so in precisely the terms in which we have couched our resolution of the matter, it is the prerogative of appellate courts to address errors appearing of record that are sufficiently integral to the validity of a challenged verdict, even if unpreserved. *See* C.A.R. 1(d); *Roberts v. Am. Family Mut. Ins. Co.,* 144 P.3d 546, 550 (Colo.2006). The parties to this review have been given specific notice of the court's concern, as well as an opportunity to address it,

and the entry of a judgment of conviction for a crime not supported by a unanimous verdict beyond a reasonable doubt rises to the level of structural error, requiring reversal regardless of a sufficiently specific objection. *Sullivan,* 508 U.S. at 279–80, 113 S.Ct. 2078; *Medina,* 163 P.3d at 1141.

## IV.

¶ 20 Because the verdict form by which the jury found the defendant "Guilty" of "Sexual Assault on a Child—Pattern of Abuse" never offered the jury an opportunity to find that he committed the elements of sexual assault on a child, and instead reflected at most the jury's factual finding of two different incidents of sexual contact, the trial court erred in entering judgment of conviction for a class 3 felony offense of sexual assault on a child. The judgment of the court of appeals affirming the defendant's conviction of sexual assault on a child is therefore reversed.