Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 11, 2020

**2020 CO 35**

**No. 18SC656,** *Halaseh v. People*—**Entry of Conviction on Remand—Lesser Included Offenses.**

Halaseh petitioned for review of the court of appeals' remand order in his underlying appeal, which directed the district court to enter four convictions for class 4 felony theft in place of the single conviction of class 3 felony theft reflected in the charge and jury verdict. The intermediate appellate court reversed the conviction for class 3 felony theft on the grounds that when the statutory authorization for aggregating separate acts of theft was properly applied, there was insufficient evidence to support a single conviction for theft of $20,000 or more. It also found, however, that there *was sufficient* evidence to support four separate convictions for aggregated thefts with values qualifying as class 4 felonies, and that substituting these four class 4 felony convictions for the vacated class 3 felony conviction was necessary to fulfill what it understood to be its obligation to maximize the effect of the jury's verdict.

The supreme court disapproves the remand order because no theft offense requiring the aggregation of two or more separate instances of theft, whether that aggregation were to be based on commission within a period of six months or on commission as a single course of conduct, was a lesser included offense of the class 3 felony of which Halaseh was actually charged and convicted, no such offense was implicitly found by the jury, and therefore none could be entered in lieu of the reversed conviction without depriving the defendant of his right to a jury trial.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 35

### Supreme Court Case No. 18SC656
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA478

### Petitioner:

John M. Halaseh,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Reversed
*en banc*
May 11, 2020

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Jud Lohnes, Deputy Public Defender
*Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Kevin E. McReynolds, Assistant Attorney General
*Denver, Colorado*

**CHIEF JUSTICE COATS** delivered the Opinion of the Court.

¶1     Halaseh petitioned for review of the court of appeals' remand order in his underlying appeal, which directed the district court to enter four convictions for class 4 felony theft in place of the single conviction of class 3 felony theft reflected in the charge and jury verdict. The intermediate appellate court reversed the conviction for class 3 felony theft on the grounds that when the statutory authorization for aggregating separate acts of theft was properly applied, there was insufficient evidence to support a single conviction for theft of $20,000 or more. It also found, however, that there *was sufficient* evidence to support four separate convictions for aggregated thefts with values qualifying as class 4 felonies, and that substituting these four class 4 felony convictions for the vacated class 3 felony conviction was necessary to fulfill what it understood to be its obligation to maximize the effect of the jury's verdict.

¶2     Because no theft offense requiring the aggregation of two or more separate instances of theft, whether that aggregation were to be based on commission within a period of six months or on commission as a single course of conduct, was a lesser included offense of the class 3 felony of which Halaseh was actually charged and convicted, no such offense was implicitly found by the jury, and therefore none could be entered in lieu of the reversed conviction without depriving the defendant of his right to a jury trial. The remand order of the court

2

of appeals is therefore disapproved, and the case is remanded with directions to simply reverse the conviction for class 3 felony theft.

## I.

¶3     John M. Halaseh was charged with one count of theft of $20,000 or more from the Social Security Administration, committed over a three-year period extending from January 2008 to January 2011.  He was convicted of that charge, which at the time was a class 3 felony, and was sentenced to probation with a condition requiring payment of restitution.

¶4     At trial the prosecution presented evidence to the effect that the defendant took Social Security payments under circumstances amounting to theft, periodically, on thirty-seven different occasions, with a total value of $24,494.  As the result of a May 2009 amendment to the theft statute affecting the aggregation of individual acts of theft for purposes of determining the amount or value of the theft offense charged, and therefore the classification of that offense, the intermediate appellate court found there to have been insufficient evidence to support a single conviction for theft of over $20,000.  It therefore reversed the defendant's conviction. Reasoning that it had an obligation to maximize the jury's verdict by ordering the substitution of as many convictions as were both implicit in the reversed conviction and supported by sufficient evidence, and further reasoning that by applying the applicable aggregation provisions of the statute,

3

the jury could have legally aggregated the individual instances of theft into four class 4 felonies—three based on acts of theft over separate six-month periods and one based on acts of theft that were part of the same course of conduct—the appellate court vacated the defendant's class 3 felony conviction and remanded with directions to enter those four class 4 felony convictions in its place.

¶5    The defendant petitioned this court for a writ of certiorari, challenging the intermediate appellate court's remand order on a number of grounds related to the deprivation of his rights to notice and a jury trial.

## II.

¶6    As a matter of constitutional limitation, a criminal verdict may not be directed for the State nor a criminal conviction entered for an offense not authorized by the jury's verdict, no matter how overwhelming the evidence.  *See Sanchez v. People*, 2014 CO 29, ¶ 13, 325 P.3d 553, 558 (directly relying on *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993)); *see also Medina v. People*, 163 P.3d 1136, 1140 (Colo. 2007) (finding that the district court erred "when it entered its own conviction and sentence . . . instead of determining the punishment warranted by the jury's guilty verdict").  However, under certain circumstances, in both federal and Colorado law, a judgment of conviction may enter for an offense necessarily implied in a jury verdict that has been successfully challenged on appeal.  *See Rutledge v. United States*, 517 U.S. 292, 306 (1996) ("Consistent with the views

expressed by the District of Columbia Circuit, federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. This Court has noted the use of such a practice with approval." (citing 8A J. Moore, *Federal Practice* ¶ 31.03[5] & n.54 (2d ed. 1995); and *Morris v. Mathews*, 475 U.S. 237, 246–47 (1986); other citations omitted)); *see also United States v. Mitcheltree*, 940 F.2d 1329, 1352 n.17 (10th Cir. 1991); *Allison v. United States*, 409 F.2d 445, 450–51 (D.C. Cir. 1969); *People v. Sepulveda*, 65 P.3d 1002, 1007–08 (Colo. 2003); *Crespin v. People*, 721 P.2d 688, 692 (Colo. 1986); *People v. Patterson*, 532 P.2d 342, 345 (Colo. 1975).

¶7 Procedurally, the federal courts have found authority for the entry of such implied convictions in 28 U.S.C. § 2106 (2018), which provides that an appellate court "may affirm, modify, vacate, set aside, or reverse any judgment." *See Mitcheltree*, 940 F.2d at 1352 n.17; *Allison*, 409 F.2d at 450–51. Similarly, we have long found authority for this practice in Colorado Appellate Rule 35, which provides that an appellate court "may, in whole or in part, dismiss an appeal; affirm, vacate, modify, reverse, or set aside a lower court judgment; and remand any portion of the case to the lower court for further proceedings." *See Patterson*, 532 P.2d at 345.

5

¶8     However, consistent with constitutional limitations, a lesser offense can be considered necessarily implied in a jury verdict finding a criminal defendant guilty of a greater offense *only* to the extent that it can be determined from the jury's verdict alone that each of its elements has already been charged and found by the jury beyond a reasonable doubt. *See Sanchez*, ¶ 13, 325 P.3d at 558 ("Taken together, the Fifth Amendment Due Process Clause and the Sixth Amendment guarantee of a trial by jury permit conviction only upon a jury verdict finding the defendant guilty of having committed every element of the crime with which he has been charged."). Because we have now made clear that an offense is a lesser included offense of another in this jurisdiction only "if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense," *see Reyna-Abarca v. People*, 2017 CO 15, ¶ 64, 390 P.3d 816, 826, a lesser included offense in this jurisdiction is always implied in the conviction of its greater offense. Whether all of the findings required for the guilty verdict returned by a jury are better characterized as "elements," or instead may be better characterized for certain purposes as "sentencing factors," a lesser offense, the required findings for which include no more than has been alleged in the charging document and already found beyond a reasonable doubt by the jury, is necessarily implied in the jury verdict. *Cf. People v. Garcia*, 940 P.2d 357, 363–64 (Colo. 1997),

*as modified on denial of reh'g* (Aug. 4, 1997) (finding the prosecution entitled to an instruction on a lesser offense as if it were a lesser included offense where the offense *as charged* alleges a sentence enhancement factor giving the defendant notice that it must be proved as if it were an element). A lesser offense as to which the prosecution would not have been entitled to an instruction in the absence of its express inclusion in the charging document clearly could not be considered implied in a jury verdict.

¶9     We have never, however, suggested that an appellate court *must* enter judgment of conviction of a lesser offense that is necessarily implied in a jury verdict reversed on appeal, much less that the appellate court must "maximize" the jury's verdict by entering judgment of conviction for as many such lesser offenses as possible. Instead we have held only that it would be "authorized," or "proper," or "appropriate," to enter judgment on a lesser included offense under some circumstances, and we have at times expressly found it appropriate *not* to enter such a judgment but rather to offer the prosecution the option to retry the defendant for the greater offense or rest on such a lesser offense conviction, should it so choose. *See, e.g.*, *Sepulveda*, 65 P.3d at 1007–08; *Crespin*, 721 P.2d at 692–93. Nor have we ever attempted to define or circumscribe the scope of an appellate court's discretion in this regard.

¶10    The intermediate appellate court's attempt to fulfill what it understood to be its duty to maximize the jury verdict was therefore misplaced. In a related context, we have in the past merely addressed the merger of multiple convictions that cannot separately stand by reason of either constitutional or statutory prohibitions; and in those cases, we have merely instructed trial courts to select the combination of offenses that can simultaneously stand that produce the most convictions and the longest sentences, in order to maximize the effect of the jury's verdict. *See People v. Wood*, 2019 CO 7, ¶¶ 28–29, 433 P.3d 585, 593 ("[I]n determining which conviction or convictions should be vacated *to honor the double jeopardy clause*, a trial court 'should be directed to enter as many convictions and impose as many sentences as are legally possible to fully effectuate the jury's verdict.'" (emphasis added) (quoting *People v. Glover*, 893 P.2d 1311, 1315 (Colo. 1995)).

¶11    In *People v. Bartowsheski*, 661 P.2d 235, 237, 247 (Colo. 1983), for example, where the defendant was convicted of deliberation murder, felony murder, and the underlying felony of robbery, after finding that a defendant may be convicted of only one count of murder for killing the same victim and that felony murder and its underlying felony merge, we concluded that the defendant should stand convicted of first degree murder after deliberation and robbery because doing so would "give as much effect to the jury's resolution of the issues submitted to it as

8

can be done without running afoul of the defendant's constitutional and statutory rights." *See also Wood*, ¶¶ 28–29, 433 P.3d at 593; *Glover*, 893 P.2d at 1315. Our guidance in this regard has, however, clearly been limited to instructing lower courts on the merger of multiple convictions from the same proceeding that cannot simultaneously stand for the reason that they are effectively convictions for the same offense. *E.g.*, *Wood*, ¶¶ 28–29, 433 P.3d at 593.

### III.

¶12 The defendant asserts that in its remand order the court of appeals erred in ordering that the trial court enter multiple judgments of conviction against him for a number of related reasons, not least among them being that he was never charged with, and therefore was not on notice that he could be convicted of, more than one count of theft. We need not address the broader question whether an appellate court could, under some conceivable set of circumstances, or even under these particular circumstances, enter multiple judgments of conviction in place of a single overturned jury verdict, for the reason that none of the judgments entered by the court of appeals in this case was implied in the jury's verdict.

¶13 As we recounted in *Roberts v. People*, 203 P.3d 513, 516 (Colo. 2009), "Colorado is among the substantial majority of states that have consolidated the crimes of larceny, embezzlement, and theft under false pretenses in a single crime of theft." Whichever way the crime is committed, it constitutes the offense of

9

"theft." Unless a theft is committed from the person of another (by means other than those constituting robbery), its categorization as either petty offense theft, a particular class of misdemeanor, or a particular class of felony is made contingent upon the value of the thing involved. § 18-4-401(2), C.R.S. (2019). In addition, with regard to the crime of theft as it existed at the time of *Roberts*, we held that multiple thefts (other than theft from a person or thefts for which the defendant has already been placed in jeopardy), committed by the same person within a six-month period, of things with an aggregate value in the felony range, constituted a single crime of theft, the classification of which was determined by the aggregate value of all of the things involved. 203 P.3d at 516.

¶14 Immediately following our holding in *Roberts*, the legislature amended the theft statute, effective May 11, 2009, by, in pertinent part, removing the language upon which we relied to find that multiple acts of theft committed by the same person within a six-month period constituted a single crime, and instead articulating two sets of circumstances in which a prosecutor would be permitted, but not required, to aggregate thefts for purposes of defining a single crime. Ch. 244, sec. 2, § 18-4-401, 2009 Colo. Sess. Laws 1099, 1099–1100. The first permits aggregation "when a person commits theft twice or more within a period of six months," and the second permits aggregation "when a person commits theft twice

or more against the same person pursuant to one scheme or course of conduct."
*Id.*; § 18-4-401(4)(a), (b).

¶15 Because the thefts charged in a single count in this case spanned the effective dates of both the old and new statutes, the appellate court concluded that there was insufficient evidence to enter judgment for a single theft of over $20,000 under either statute, and it therefore vacated the jury's guilty verdict as to class 3 felony theft. Finding, however, that the evidence was sufficient to convict of four separate aggregated thefts, all amounting to class 4 felonies, it ordered that the trial court, on remand, enter judgment of conviction on each of those thefts. Only the validity of the appellate court's remand order is before us on certiorari.

¶16 Under both the pre- and post-*Roberts* theft statutes, separate crimes of theft could be aggregated to constitute a single theft of greater value only as prescribed by statute. *See* § 18-4-401(4); 2009 Colo. Sess. Laws at 1099–1100. Whether before or after the amendment, and whether based on commission within a six-month period or commission against the same person pursuant to one scheme or course of conduct, conviction of an aggregated theft clearly required the finding of an additional element not required for conviction of a single act of theft. The jury was not instructed with regard to any such additional element, and the prosecution would not have been entitled to such an instruction had it requested one. *See Garcia*, 940 P.2d at 363–64. Therefore, none of the lesser theft offenses substituted

11

by the court of appeals was a lesser included offense of the charged theft, *see Reyna-Abarca*, ¶ 64, 390 P.3d at 826, or its equivalent, *see Garcia*, 940 P.2d at 363–64, nor did the appellate court suggest anything of the kind.

¶17  Rather, the court of appeals held that the three, six-month, time-limited thefts, and the one theft committed as a single course of conduct against the same person, were implicit in the jury's "findings" based on pre-trial discovery, the complaint, and the evidence presented at trial.  The court of appeals effectively reasoned that the defendant was adequately protected, notwithstanding the failure of the prosecution to charge thefts limited to six-month aggregations or those committed as a single course of conduct against the same person, because the complaint alleged theft over the entire period from January 1, 2008 to January 31, 2011; the defendant was on notice from pre-trial discovery that the Social Security Administration was alleging thirty-seven consecutive instances of overpayment; and the evidence at trial included nothing that would lead a juror to conclude that the alleged acts of theft occurred on some occasions but not on others.

¶18  While overwhelming evidence of an omitted element may well demonstrate harmless constitutional error with regard to a jury verdict, imputing guilt for an uncharged crime or directing a verdict of guilt for a charged one would simply violate the defendant's constitutional right to a jury trial.  *See Sullivan*, 508 U.S. at

277; *Sanchez*, ¶ 13, 325 P.3d at 558. We have never held, and it is clearly not the case, that conviction of a lesser non-included offense may be entered in lieu of an overturned jury conviction, as long as overwhelming evidence of the non-included elements was presented at trial. Unlike a lesser included offense, the elements of which are a subset of and are therefore necessarily included in the charged offense, a defendant has not necessarily been put on notice by the charge that he must also defend against the lesser non-included offense, and the jury's verdict of guilt as to the charged offense does not necessarily reflect its conviction of the lesser non-included offense.

¶19 In the absence of assurance as to both of these conditions, a criminal defendant is deprived of his constitutional right to a jury trial of the charges brought against him. The court of appeals therefore erred in expanding the class of lesser offense that may be entered in lieu of a successfully challenged conviction for a greater offense.

### IV.

¶20 Because no theft offense requiring the aggregation of two or more separate instances of theft, whether that aggregation were to be based on commission within a period of six months or on commission as a single course of conduct, was a lesser included offense of the class 3 felony of which Halaseh was actually charged and convicted, no such offense was implicitly found by the jury, and

therefore none could be entered in lieu of the reversed conviction, without depriving the defendant of his right to a jury trial. The remand order of the court of appeals is therefore disapproved, and the case is remanded with directions to simply reverse the conviction for class 3 felony theft.