22CA2025 Peo v Marlow 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA2025
Pitkin County District Court No. 21CR47
Honorable Christopher G. Seldin, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Robert Lee Marlow,

Defendant-Appellant.

---

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Philip J. Weiser, Attorney General, Abigail M. Armstrong, Assistant Attorney
General Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 A jury convicted defendant, Robert Lee Marlow, of attempted sexual assault with a use of force enhancer, indecent exposure, and false imprisonment. Marlow appeals only his attempted sexual assault conviction and sentence. We affirm the conviction for attempted sexual assault, reverse the sentence, and remand for resentencing.

I. Background

¶ 2 Just after midnight one summer evening, an exceptionally intoxicated Marlow entered an Aspen bar. Not long after, Marlow walked downstairs toward the bathrooms. Around the same time, the victim and a friend also entered the bar. Once there, the victim went downstairs to use the bathroom.

¶ 3 As the victim entered the women's bathroom, she saw a man inside — later identified as Marlow — with his pants unbuttoned. She quickly left the women's bathroom and went into the men's bathroom. But after realizing that the bathroom didn't lock, the victim turned to leave. At this point, Marlow followed her in, blocked the exit, pulled down his pants and underwear, and exposed his penis. The victim screamed and begged Marlow to "please don't do this to me" and to let her out. Marlow responded,

"[Y]ou're not going anywhere." The victim, however, ducked under Marlow's arm and escaped up the stairs. Hearing screams, employees assisted the victim and ultimately removed Marlow from the bar.

¶ 4     The prosecution charged Marlow with attempted sexual assault with a use of force sentence enhancer (which elevated the attempted sexual assault from a class 5 felony to a class 4 felony), indecent exposure, and false imprisonment.

¶ 5     At trial, Marlow defended on the theory that he was "blacked-out intoxicated" and "likely committed a crime," but "that crime [wasn't] attempted sexual assault with force."

¶ 6     The jury convicted Marlow as charged. The trial court sentenced Marlow to a controlling indeterminate prison sentence of four years to life for attempted sexual assault.

II.     Sufficiency of the Evidence — Attempted Sexual Assault

¶ 7     Marlow challenges the sufficiency of the evidence supporting his attempted sexual assault conviction. He argues that the evidence wasn't sufficient to support the jury's finding that he took a substantial step corroborative of his purpose to knowingly cause sexual intrusion or penetration against the victim's will.

2

## A. Standard of Review

¶ 8     We review sufficiency of the evidence claims de novo. *People v. Donald*, 2020 CO 24, ¶ 18. To determine whether the prosecution presented sufficient evidence to support a conviction, we analyze "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010)).

¶ 9     Our inquiry is guided by five well-established principles: (1) we give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence; (2) the determination of witness credibility is solely within the province of the jury; (3) we may not serve as a thirteenth juror by weighing the evidence or resolving evidentiary conflicts; (4) a modicum of relevant evidence will not rationally support a conviction beyond a reasonable doubt; and (5) verdicts in criminal cases may not be based on guessing, speculation, or conjecture. *People v. Procasky*, 2019 COA 181, ¶ 18; *see also People v. Perez*, 2016 CO 12, ¶ 31 ("The question is

not whether it is possible to disagree with the inferences, but rather, whether the inferences are reasonable when the evidence is viewed as a whole in the light most favorable to the prosecution.").

> B. Sufficient Evidence Supports the Jury's Finding that Marlow Attempted to Sexually Assault the Victim

¶ 10    A person commits sexual assault if he "knowingly inflicts sexual intrusion or sexual penetration" on a victim and "causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will." § 18-3-402(1)(a), C.R.S. 2021;[1] *see People v. Martinez*, 36 P.3d 154, 163 (Colo. App. 2001) ("The conduct prohibited by the second degree sexual assault statute is knowing sexual penetration of or intrusion upon a nonconsenting victim.").

¶ 11    Sexual intrusion includes, as relevant here, "any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue, or penis, into the genital or anal opening of another person's body." § 18-3-401(5), C.R.S. 2024. And sexual

---

[1] We cite the sexual assault statute in effect at the time of the charged events. Section 18-3-402(1)(a), C.R.S. 2021, has since been amended. Ch. 41, sec. 1, § 18-3-402(1)(a), 2022 Colo. Sess. Laws 214; *see also* § 18-3-402(1)(a), C.R.S. 2024.

penetration means, in relevant part, "sexual intercourse, cunnilingus, fellatio, anilingus, or anal intercourse." § 18-3-401(6).

¶ 12    A person commits criminal attempt "if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." § 18-2-101(1), C.R.S. 2024.  A "substantial step" is "any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*; *see also People v. Lehnert*, 163 P.3d 1111, 1115 (Colo. 2007) (recognizing that any conduct strongly corroborative of the firmness of the defendant's criminal purpose "is sufficient in itself" for a jury to reasonably find the defendant guilty of criminal attempt).

¶ 13    To be sure, this case is close.  But viewed in the light most favorable to the prosecution, a juror could reasonably conclude from the following evidence that Marlow took a substantial step toward sexually assaulting the victim against her will — either through sexual penetration or sexual intrusion:

- Marlow followed the victim into the men's bathroom.
- Marlow blocked the bathroom's exit with his arm.

- Marlow backed the victim into the sink.

- Marlow pushed the victim back against the sink.[2]

- Marlow pulled down his pants and underwear to his knees, exposing his penis.

- The victim was "screaming at the top of [her] lungs" and trying to kick and punch Marlow.

- The victim "begged" Marlow, "[P]lease, don't do this," and to "let her leave."

- Marlow responded that she wasn't "going anywhere."

- As Marlow "finished getting undressed," he started to "come towards" the victim.

- The victim testified that Marlow looked "determined" and had no regard for her fear.

- As he "approach[ed]" her, the victim managed to duck under his arm and escape.

---

[2] We recognize that the victim made some inconsistent statements about whether Marlow pushed her.  But in a sufficiency challenge, we must construe the evidence in the light most favorable to the prosecution.  *People v. Donald*, 2020 CO 24, ¶ 18.

6

- When reporting the encounter to police the day after, the victim said that Marlow's penis was "between hard and soft."

¶ 14    We are not persuaded otherwise by Marlow's focus on acts that Marlow didn't take. That Marlow could have taken other acts corroborative of his purpose to sexually assault the victim doesn't diminish the quantity or quality of the evidence presented. And "the question is not whether it is possible to disagree with the inferences" that could be drawn from the evidence. *Perez*, ¶ 31. To the extent different inferences could be drawn, it's for the jury to perform that function, not this court. *See id.* From the evidence presented, we conclude that a jury could fairly and reasonably infer that Marlow took a substantial step corroborative of his purpose to knowingly cause sexual intrusion or penetration against the victim's will. *See id.* ("A court must not invade the province of the jury by second-guessing its conclusion when the record supports the jury's findings.").

¶ 15    Nor does *People v. Derrera*, 667 P.2d 1363, 1371 (Colo. 1983) — where the supreme court concluded insufficient evidence supported the attempted sexual assault conviction — change our

mind. In *Derrera*, the defendant offered the victim a ride home. *Id.* at 1365. Inside the car, the defendant reached under the victim's dress, touched the inside of her mid-thigh, and invited her to his apartment. *Id.* After the victim said, "Please don't do this to me," the defendant removed his hand. *Id.* But the unrequited sexual advance in *Derrera* is very different from the facts here where Marlow had partially undressed, exposed his penis, blocked the victim's escape, showed some signs of arousal, refused the victim's plea "not to do this," and advanced on the trapped and screaming victim when she escaped.

¶ 16 Given all this, we conclude that the prosecution presented sufficient evidence to sustain the attempted sexual assault conviction. Having so concluded, we needn't consider Marlow's anticipatory argument that insufficient evidence supported the lesser included offense of attempted unlawful sexual contact. *See Halaseh v. People*, 2020 CO 35M, ¶ 8 (noting a lesser included offense "is always implied in the conviction of its greater offense").

### III. The Sentence Enhancer

¶ 17 Marlow raises several challenges to the use of force sentence enhancer (sentence enhancer). But we don't address them all

8

because we agree that the court committed instructional error by directing the jury to determine whether Marlow attempted to cause the victim's submission through the application of "force or physical violence" rather than "through the application of *physical* force or physical violence," as required by section 18-3-402(4)(a). (Emphasis added.)

## A. Additional Facts

¶ 18    Defense counsel tendered the following proposed instruction on the sentence enhancer:

> Did the defendant cause submission through force or violence? (Answer "Yes" or "No")
>
> The defendant caused submission through force or violence only if:
>
> 1.    the defendant caused submission of the victim through the actual application of physical force or physical violence.

The defense-proposed instruction tracked both the use of force statute and the pattern instruction. *See* § 18-3-402(4)(a); COLJI-Crim. 3-4:10.INT (2023). But the court rejected it. Instead, over defense counsel's objection, the court instructed the jury, in relevant part, as follows:

## Instruction 12

If you find the defendant not guilty of both attempt to commit sexual assault and attempt to commit unlawful sexual contact, you should disregard this instruction and sign the verdict form to indicate your not guilty verdict.

If, however, you find the defendant guilty of attempt to commit sexual assault or attempt to commit unlawful sexual contact, you should sign the verdict form to indicate your guilty verdict and then answer the following verdict question on the verdict form:

Did the defendant attempt to cause submission through force or violence? (Answer "Yes" or "No")

The defendant attempted to cause submission through force or violence only if:

1. the defendant attempted to cause submission of the victim

2. through the actual application of force or physical violence

¶ 19    Additionally, the corresponding verdict form asked the jury to answer "yes" or "no" to the question, "Did the defendant attempt to cause submission through force or violence?"[3]

¶ 20    During deliberations, the jury sought clarification on the language pertaining to the sentence enhancer, asking the court to "please define 'actual application of force or physical violence?'"  The court declined, simply responding, "No."

---

[3] We recognize that the focus of the instruction conference related to the attempt charge and whether the instruction and verdict form should be modified to address the attempt charge.  Defense counsel objected to the inclusion of the word "attempt" in the sentence enhancer instruction as well as in the verdict form.  And Marlow persists in this objection on appeal.  However, given our resolution, we don't reach Marlow's additional challenges to the sentence enhancer instruction or verdict form.

## B. Preservation and Standard of Review

¶ 21 The parties agree that Marlow preserved his objection to the sentence enhancer instruction (Instruction 12) but dispute whether we should review any error under the harmless error standard or the constitutional harmless error standard. *Compare Griego v. People*, 19 P.3d 1, 7 (Colo. 2001) (preserved allegation of instructional error regarding an element of an offense is an "error of constitutional magnitude" and is reviewed under the constitutional harmless error standard), *with People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001) (preserved allegations of instructional error that are not errors of "constitutional dimension" are reviewed under the harmless error standard (quoting *Salcedo v. People*, 999 P.2d 833, 841 (Colo. 2000))). Because the result is the same under either standard, we will apply the "more difficult" (to obtain reversal) harmless error standard. *Hagos v. People*, 2012 CO 63, ¶ 12. Under this standard, we must reverse if there's a reasonable

probability that the error contributed to the conviction. *Washington v. People*, 2024 CO 26, ¶ 25.[4]

¶ 22    A trial court must instruct the jury correctly on the law applicable to the case. *People v. Weinreich*, 119 P.3d 1073, 1076 (Colo. 2005). Instructions that substantially track the statutory language are generally sufficient. *People v. Archuleta*, 2017 COA 9, ¶ 52. We review de novo whether the jury instructions adequately informed the jury of the governing law. *Garcia v. People*, 2022 CO 6, ¶ 16.

### C.    The Sentence Enhancer

¶ 23    Sexual assault is generally a class 4 felony. *See* § 18-3-402(2). But if a defendant "causes submission of the victim through the actual application of physical force or physical violence," then it's elevated to a class 3 felony. § 18-3-402(4)(a). And "criminal attempt to commit a class 3 felony is a class 4 felony." § 18-2-101(4). All this is to say that if the sentence enhancer applies to an

---

[4] The People dispute preservation as to the verdict form and specifically to the omission of the word "physical" in the verdict form (which omits the word "physical" before both "force" and "violence"). But because we conclude the instructional error requires reversal regardless of the verdict form, we needn't resolve this dispute.

attempted sexual assault, then a defendant commits a class 4 felony. *See* §§ 18-2-101(4), 18-3-402(4)(a); *see also People v. King*, 151 P.3d 594, 599 (Colo. App. 2006) (applying sentence enhancer to attempted sexual assault). And a class 4 felony sex offense is subject to indeterminate sentencing. *See King*, 151 P.3d at 599 ("[A] person who is charged with criminal attempt to commit a sexual assault is subject to indeterminate sentencing under [the Colorado Sex Offender Lifetime Supervision Act of 1998 (the Act)] if the attempted assault constitutes a class two, three, or four felony."); *see also* § 18-1.3-1004, C.R.S. 2024 (setting out Colorado's indeterminate sentencing scheme under the Act); § 18-1.3-1003(5)(b), C.R.S. 2024 (defining "[s]ex offense" as used in the Act to include criminal attempt to commit sexual assault if such criminal attempt would constitute a class 2, 3, or 4 felony).

¶ 24     Like the elements of an offense, a sentence enhancer must be proved beyond a reasonable doubt. *People v. Dunlap*, 124 P.3d 780, 793 (Colo. App. 2004); *see also Armintrout v. People*, 864 P.2d 576, 580 (Colo. 1993) ("A sentence enhancer is similar to an essential element of an offense in that a defendant may not be sentenced at

the higher felony level unless the factor enhancing the sentence is proved beyond a reasonable doubt.").

### D. The Court Committed Instructional Error

¶ 25 Marlow argues — and we agree — that Instruction 12 (and the corresponding verdict form) failed to track the language of section 18-3-402(4)(a) by omitting the word "physical" before the word "force."

¶ 26 For a couple of reasons, we are unpersuaded by the People's response that the omission doesn't matter and that "force" and "physical force" mean the same thing because the instruction required "the actual application of force." First, it requires us to disregard the plain language of the statute. Had the legislature intended to allow for enhanced sentencing through the application of "force" alone, it could have said so. The legislature instead chose to modify the word "force" with the word "physical." And we will not construe a statute in a manner that renders any words or phrases meaningless. *See Pineda-Liberato v. People*, 2017 CO 95, ¶ 22; *see also Turbyne v. People*, 151 P.3d 563, 567-68 (Colo. 2007) (explaining we will not add or subtract words from a statute).

14

¶ 27 Second, while "physical force" means "force applied to the body," *People v. Keene*, 226 P.3d 1140, 1143 (Colo. App. 2009), "force" has a broader meaning which could involve — but doesn't require — physical contact. *See* Webster's Third New International Dictionary 887 (2002) (defining force to include, among other things, "power, violence, compulsion, or constraint" or "strength or power of any degree"). A person can therefore apply "force" without touching another's body. For instance, purposeful and aggressive movements towards someone or assertive commands directed at someone could constitute an application of "force" without touching another person. And, indeed, the evidence here shows as much. Leaving aside the victim's statements about whether Marlow pushed her, the victim testified that Marlow (who is significantly larger than the victim) barged into a small bathroom, blocked the only exit, and "kind of backed [her] into the sink." Thus, even if the jury didn't believe that Marlow pushed the victim, it could still conclude that Marlow's actions forced the victim back against the sink without any physical contact.

¶ 28 That leaves only the question of whether the error was harmless. While the People argue that it was, whether and to what

extent Marlow used force — and specifically physical force against the victim — was hotly contested at trial. The victim made inconsistent statements as to whether Marlow pushed her back or simply forced her back through his actions. Indeed, the officer who spoke with the victim the day after the assault testified it was unclear whether Marlow ever touched the victim. And as already explained, the jury could've reasonably and unanimously concluded that Marlow used force — but not physical force — against the victim; if so, the jury would not have found him guilty of the sentence enhancer but for the erroneous sentence enhancer instruction. The error was therefore prejudicial.

¶ 29    And even beyond that, we know the jury was confused about the "actual application of force or physical violence" because it unsuccessfully asked the court for a definition of that phrase. *See Garcia v. People*, 2022 CO 6, ¶ 16 ("We review not only whether the jury instructions faithfully track the law but also whether the instructions are confusing or may mislead the jury.").

¶ 30    Given the evidence presented and the juror confusion, we can't conclude the omission of the word "physical" from Instruction 12 was harmless. *See People v. Ferguson*, 43 P.3d 705, 707-08 (Colo.

App. 2001) (holding that the trial court's instructional error wasn't harmless); *cf. People v. Miller*, 113 P.3d 743, 750 (Colo. 2005) ("[A]n erroneous jury instruction does not normally constitute plain error where the issue is not contested at trial or where the record contains overwhelming evidence of the defendant's guilt."). Accordingly, we must reverse Marlow's class 4 felony conviction.

¶ 31 As to the remedy, Marlow asks us to "remand the case for resentencing on a class [5] felony." Having argued that the court didn't err, or alternatively that the error was harmless, the People neither respond to the requested remedy nor propose an alternate remedy. We therefore remand the case for resentencing on the attempted sexual assault conviction as a class 5 felony.

## IV. Disposition

¶ 32 We affirm the attempted sexual assault conviction, reverse the sentence enhancement, and remand the case to the trial court for resentencing on a class 5 felony.[5]

JUDGE NAVARRO and JUDGE GOMEZ concur.

---

[5] Marlow doesn't appeal the two misdemeanor convictions, so those convictions remain undisturbed.